## GARNOR *v.* FREDERICK.

*Blake* v. *Faulkner*, on the subject of voluntary assignments, followed.

Under the assignment law of 1859, partnership property should be assigned by the act of the partners, and individual property by the act of the individual owner.

A reservation, in good faith, in an assignment by the assignor, of "so much property as may be exempt from execution," will not avoid the deed.

APPEAL from the *Floyd* Circuit Court.

HANNA, J.—On the 30th of *November*, 1859, *Frazier & Irwin* made an assignment for the benefit of creditors, to *Garnor*.

On the 6th of *January*, 1860, *Otter & Allen* recovered a judgment against said *F. & I.*, on a note dated *October* 24, 1859, on which the suit had been instituted *December* 16th, 1859. An execution was issued *February* 6, 1860, and levied by said appellee, sheriff, on *February* 7, 1860, on the personal property, for the seizure of which this suit was brought, in the nature of an action of trespass. Answer, general denial, with agreement to give special matters in evidence.

There was a trial; finding for the defendant; motion for a new trial overruled; judgment.

The point pressed is, that the assignment is not in conformity with the act of *March* 5th, 1859, and should therefore "be deemed fraudulent and void." Acts 1859, p. 240.

The objections are, that it was an assignment of "*their* personal goods, &c., for the payment of *their* debts." That is, that it was an assignment of the partnership property for that purpose, and that the same did not include the individual property of said partners. Second, that in the deed of assignment, in granting and describing said property assigned, there was a reservation in these words, "excepting, however, so much as may be exempt from execution."

There is nothing in the pleading, nor in the deed of assign-

Garnor *v.* Frederick.

ment and exhibits, showing that there were either individual debts or individual property. We can not, therefore, say that the deed should be deemed fraudulent, &c., on its face, for not purporting to transfer such property. But the broad proposition is advanced, that when partners make an assignment, they should include all their partnership property, and also their individual property; but with the right of designating each, and keeping the same separate, so that, either by direction of the deed, or the laws, the trustee may appropriate the joint property towards the payment of the joint debts, and the individual property to the payment of the individual debts; and that, as it was shown in the evidence, that one partner had a small amount of personal property, the deed was void.

We think the principle is settled in the case of *Blake* v. *Faulkner et al.*, at this term, and that, by the terms of the statute, joint property must be assigned by the act of the partners, and individual property by the act of the individual. The partners, as such, might agree upon a trustee, in whose hands some one of the firm might not be willing to place his individual property. Or sufficient objections might exist to a trustee acting in behalf of the one interest, who might be the best prepared or qualified to act as to the other.

As to the question on the reservation. The statute gives the appraisers, called by the trustee, the right to set off an amount of property, such as the assignor may select, not exceeding 300 dollars in value. It is also provided that the possession of the property assigned shall be delivered to the trustee and the property vest in him from the time the deed is recorded; within fifteen days the trustees shall file bond, &c., and within thirty days after entering upon his duties, &c., he shall file an inventory; and within twenty days thereafter cause the property to be appraised. Thus sixty-five days might intervene between the assignment and the appraise-

Garnor *v.* Frederick.

ment. It is insisted that the debtor must assign or surrender all his property, and receive back at the hands of the appraisers the 300 dollars worth. It has been held that the 300 dollars reserved under the constitution and statute as exempt from levy, &c., is for the benefit of the family of the debtor. If this statute is to receive the rigid-construction contended for, we do not see the way clear for the family to live during the sixty-five days.

As the statute further provides for additional inventories, and proceedings by the trustee on the recovery of other property, or the concealment by the debtor of property, we are inclined to the opinion that where a reservation of the character here indicated is made in good faith, in all respects, that it should not avoid the deed. It follows that the deed was not on its face fraudulent. The evidence shows that all the joint property was included, and the controversy is about said property; that the individual property, of a value much less than 300 dollars, was not intended to be included; but was, upon advice, surrendered to the trustee, after the execution of the deed, and by him placed in the general inventory (before the rendition of the judgment on which execution issued,) and, together with some part of the joint property, appraised and returned by the appraisers to one of the assignors, being altogether less than 300 dollars worth, so set apart. So far as we can see there is no appearance of fraudulently withholding, or intending to withhold, any part of the property of defendants which ought to have been included in the assignment as made, unless the reservation as expressed in the deed furnishes that evidence. Of this we have already spoken.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*John H. Stotsenburgh* and *Thomas M. Brown*, for the appellant.

*Thomas L. Smith* and *Michael C. Kerr*, for the appellee.