C. C. RAINWATER ET. AL., Appellants, *v.* R. H. STEVENS, Respondent.

May 27, 1884.

1. FRAUDULENT ASSIGNMENTS — EXEMPTIONS. — A deed of assignment is not void by reason of provisions therein which reserve to the debtor property specifically exempt from execution under the statute, and $300 worth of other personalty to be selected after the assignment in lieu of personalty exempt from execution.

2. PRACTICE — VARIANCE. — The finding and judgment being clearly on the merits and substantially in accordance with the allegations, objections on the ground of variance come too late on appeal.

3. —— Appellate courts will not weigh evidence in law cases.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

FRANK HICKS, for the appellant: The deed of assignment transfers property to the assignee, in trust for the benefit of the assignor, and is void, whatever may have been the actual intent of the parties. — Rev. Stats. 1879, sect. 2496, p. 417; Burrill on Assign. (4th ed.), sect. 343, p. 514; *Ibid.*, sect. 349, p. 524; *Ibid.*, sect. 200, p. 279; *Bigelow* v. *Stringer*, 40 Mo. 195, and cases cited. The provision in the deed that the assignor might select from those assigned such goods, and at such time as he desired, to the amount of $300, to be taken at the value fixed by the appraisement to be made under the statute concerning assignments, is such a reservation for the benefit of the assignor as renders the deed void as to creditors. — *Harris* v. *Summer*, 2 Pick. 134; *Clark* v. *Robbins*, 8 Kan. 574; *Sugg* v. *Tillman*, 2 Swan, 208; *Farquharson* v. *McDonald*, 2 Heisk. —; *McCord* v. *Moore*, 5 Heisk. 734; *Overton* v. *Holinshade*, 5 Heisk. 685; *Whallan* v. *Scott*, 10 Watts, 237; *Mitchell* v. *Stiles*, 13 Pa. St. 306; *Hart* v. *McFarland*, 13 Pa. St. 182; *Nichols* v. *McEwen*, 17 N. Y. 22. Interpleader can not assert his assignor's possible right to select such goods as exempt; nor is his deed, containing a reservation to the assignor of rights respecting the assigned goods, any the less fraudulent because of the possibility that his assignor might have chosen to select, as exempt, some of the goods as-, signed, if the assignment had not been made, and a levy on such goods had been made. — *Alt* v. *Lafayette Bank*, 9 Mo. App. 91; *Osburn* v. *Schutt*, 67 Mo. 712; Thompson on Homestead, etc., sect. 418; 4 Southern Law Rev. 7, 8, 9. There should not have been a money judg-

ment.   Neither the statute nor the pleadings here permit it. — Rev. Stats. 1879, p. 71, sect. 440 ; *Hewson* v. *Tootle*, 72 Mo. 632 ; *Mills* v. *Thomson*, 61 Mo. 415.

W. F. BROADHEAD, for the respondent : Fraudulent intent must be shown. — *Gates* v. *Lebeaume*, 19 Mo. 17 ; *The State to use* v. *Benoist*, 37 Mo. 509.   The assignee must share in this intent. — *Hardcastle* v. *Fisher*, 24 Mo. 70 ; *The State to use* v. *Keeler*, 49 Mo. 548 ; *Burgert* v. *Borchert*, 59 Mo. 80 ; *Crow* v. *Beardsley*, 68 Mo. 435.   An assignor may reserve a surplus. — *Richards* v. *Levin*, 16 Mo. 599 ; *Johnson* v. *McAllister*, 30 Mo. 331.   And may reserve his exemptions. — Burrill on Assign., sect. 202 ; *Linninger* v. *Raymond*, 9 Neb. 40 ; *Dausman's Appeal*, 90 Pa. St. 178.

THOMPSON, J., delivered the opinion of the court.

This is a suit by attachment brought by the plaintiffs, Rainwater, Boogher & Co., against Edward H. Koch.   The attachment was levied on a stock of goods which had been the property of Koch, and R. H. Stevens, Jr., interpleaded, claiming the same as assignee of Koch for the benefit of his creditors.   Stevens had claimed the property under the sheriff and marshal's act ; the plaintiff had given an indemnifying bond, and the property had been sold, under an order of sale in the attachment suit, before the trial of the issues raised by the interplea of Stevens.   The court, sitting as a jury, found this interplea in favor of Stevens, and rendered a judgment against the plaintiffs in the attachment suit for $160, the value of the property for which Stevens had interpleaded.   From this judgment the plaintiffs have appealed.

The deed of assignment under which the interpleader claims title to the property attached contains a reservation in the following language : " Saving and excepting the wearing apparel of the family of the said first party, four beds and bedding, and such other household and kitchen furniture not exceeding in value $100 ; also all provisions on hand not exceeding in value $100, and being for

family use ; and all Bibles and other books, and in the family of said party of the second part; all the above named goods and chattels being specifically exempt under the laws of the state of Missouri from attachment and execution, and also three hundred dollars ($300) of other personal property to be selected by the party of the first part, in lieu of property exempt under the first and second subdivisions of section 2343 of chapter 32 of the Revised Statutes of ·Missouri of 1879, said selection aforesaid to be made after the said property hereby assigned has been appraised and inventoried by said party of the second part according to the laws of the state of Missouri regulating and relating to assignments for the sole benefit of creditors, and at its appraised value.''

1. The only substantial question which arises upon this record is whether this deed of assignment is rendered fraudulent in law by the fact that, after reserving to the debtor certain property specifically exempt from attachment and execution (Rev. Stats., sect. 2343), it contains a clause reserving to the assignor $300 worth of other personal property to be selected by the assignor in lieu of property exempt under the first and second subdivisions of section 2343 of the Revised Statutes, such selection to be made after the property assigned has been appraised and inventoried by the assignee according to the statute relating to assignments for the benefit of creditors, and at its appraised value. A deed of assignment for the benefit of creditors, which includes all the property of the assignor, " except ·such property as is exempt by law," is not void by reason of the exception, as containing a reservation to the assignor's use. *Linniger* v. *Raymond*, 9 Neb. 40 ; *Dausman's Appeal*, 90 Pa. St. 198 ; *McCord* v. *Moore*, 5 Heisk. 734. The case of *Sugg* v. *Tillman* (2 Swan, 208,) which held the contrary, has been unquestionably overruled in the same court in the later case of *McCord* v. *Moore* (*supra*), though the court in the latter case do not profess to overrule the

former decision. The reason of this rule suggests itself; it is that a debtor does not take to himself an unlawful reservation, when, in a deed of assignment for the benefit of his creditors, he merely reserves to himself what the law has already reserved for him as against attachment and execution of his creditors. Such a reservation has no tendency to hinder, delay, or defraud creditors, because it takes nothing from them which the law gives them.

We can see no substantial distinction between the reservation in the present deed and that in the deeds which were before the courts in the cases above cited. In this deed, a right of selection is expressly reserved; in the deeds there passed upon, such a right is necessarily implied. A segregation of the exempted property from that not exempted would have to be made before the assignee could take possession and make his inventory. The only difference is a technical difference. In this deed all the property of the assignor, except that specifically reserved, passes to the assignee, but with the right reserved to the debtor of afterwards selecting therefrom, upon the basis of an inventory and appraisement, chattels of the value of $300, which right of selection he is allowed by law to exercise whenever his property is levied upon under an attachment or execution. We can see no difference between the two cases, except in the one case a right of selection is to be exercised under the supervision of the assignee before an inventory and appraisement, and in the other case it is to be exercised under his supervision after an inventory and appraisement, and in accordance with valuations fixed by such appraisement. The latter mode seems better calculated to prevent fraud and secure the rights of creditors than the former. At all events, we can not understand upon what principle it can be said that the right of selection exercised upon the basis of valuations fixed by appraisers appointed by the court, who are sworn and disinterested officers of the law, has a tendency to hinder, delay, or defraud creditors; while a selec-

tion made by the debtor before an inventory has been made by the assignee and reported to a court of justice, and upon such valuations as he and the assignee may agree to, has no such tendency as matter of law.

On technical grounds, a deed of assignment is not void because it requires the assignee, after taking possession of the property assigned, to allow the assignor to select therefrom such property as may be exempt by law from the demands of his creditors. There is no uncertainty in such a deed as to the property which passes, because in construing the terms of a deed, the law deems that to be certain which can be rendered certain. Besides, such a conveyance vests the property in the assignee for the purpose of executing certain trusts allowed by law, and one of these trusts may well be the re-delivery to the assignor of such property as he may, in pursuance of law, select out of the general mass of property conveyed.

The objection that this right of selection is given only in cases where attachments or executions are levied upon property is too refined for the purposes of practical justice. A creditor is not hindered, delayed, or defrauded because such a selection is made under the eye of an assignee who is required to give bond for the faithful discharge of his duties, instead of being made under the eye of a constable or sheriff; or because it is made upon the basis of a valuation fixed by appraisers appointed by a court of justice, or by the clerk of such a court, instead of being made upon a valuation fixed by appraisers appointed by a sheriff or constable.

2. Whether the deed is fraudulent in fact, was a question concluded by the finding of fact rendered by the judge who tried the facts on the issues made up upon the interplea of the assignee. No instructions were requested or given, and, as the evidence was conflicting and the burden was upon the plaintiff, no basis is afforded for revising the ruling of the court in this regard.

3. The issue to be tried on the interplea was, whether the property upon which the attachment of the plaintiffs had been levied was in law the property of the assignee or of the assignor. The prayer of the petition of the interpleader is that the property be delivered to the interpleader, and that he have judgment for $200 damages, and also for costs. The court, sitting as a jury, made the following finding: " Doth find that the matters set forth in said interplea are true, and doth accordingly find the issues herein joined in favor of said interpleader, and that the property described in said interplea was at the time of the seizure thereof under said writ of attachment herein, and at the time of the filing of said interplea, the property of said interpleader. And, it further appearing from the evidence herein, that since the filing of the interplea herein, said property has been sold by the sheriff of St. Louis county, under a writ of attachment herein sued out by said plaintiffs in said attachment, and the court further finding from the evidence that said property is of the value of one hundred and sixty dollars, the court doth order, adjudge and decree that the said R. H. Stevens, assignee and interpleader herein, have and recover of said C. C. Rainwater, John B. Morris, and Simon L. Boogher, the sum of one hundred and sixty dollars, the value of said property, and his costs of suit, and that he have thereof execution." A motion in arrest of judgment raises the question whether this judgment is such a judgment as could have been entered under the issues made by the pleadings. It is true that the interplea is not aptly drawn with the view of recovering an alternative judgment for the value of the property in the event the property itself is not forthcoming ; but, after describing the property seized, it states that its value is $200, and then it asks judgment " for the recovery of said property and for $200 for his damages, and for his costs." As the value of the property found by the court is less than $200, these allegations may be regarded as fairly covering the finding and judgment which the court

has made. At all events, there was no objection on the ground of variance. This finding and judgment clearly reach the merits. If we were to reverse them, it would be upon a ground not materially affecting the merits, and we are forbidden by the statute (Rev. Stats., sect. 3775) to reverse judgments on such grounds. If any objection had been made for variance at the appropriate time, it would have been cured by a formal amendment; and we will not send the case back in order that such amendment of the pleadings may be made. The judgment is accordingly affirmed. All the judges concur.