Goll and another vs. Hubbell and another, Garnishees, etc.

*September 6 — November 6, 1884.*

GARNISHMENT. *(1) Affidavit: Joint liability: Waiver.*
VOLUNTARY ASSIGNMENT. *(2) Partnership: Reservation of exempt property. (3) Bond of assignee.*

1. The record before this court on an appeal from a judgment in garnishment proceedings did not contain the affidavit of garnishment nor the formal answers of the garnishees; but it appeared that at the trial the garnishees joined in their defense and by their testimony disclosed a joint liability. *Held*, that the garnishees were not entitled to judgment on the ground that the affidavit did not charge such a joint liability.

2. In an assignment by a copartnership a reservation of such articles "as are by law exempt from seizure and sale on execution," is inoperative because the law gives the firm, as such, no exemptions. Such a reservation does not, therefore, render the assignment void for uncertainty. ORTON, J., dissents.

3. The failure of the assignees to give bond in an amount not less than the nominal value of the assets ascertained in the manner provided by sec. 1694, R. S., before taking possession of the property and before assuming any trust conferred by the assignment, renders the assignment absolutely void. The statute is mandatory and must be strictly pursued.

APPEAL from the Circuit Court for *Taylor* County.

The firm of F. A. Healy & Co. made an assignment for the benefit of its creditors to *S. B. Hubbell* and *J. H. Wheelock.* In an action against said firm the plaintiffs caused said assignees to be summoned as garnishees. Neither the affidavit of garnishment nor the answers of the garnishees are contained in the printed case. In the brief of the respondent's attorneys it is stated that the affidavit of garnishment, in relation to the liability of the garnishees, was that the affiant " verily believes that *J. H. Wheelock* and *S. B. Hubbell* are indebted to, or have property real or personal in their possession or under their control belonging to, the defendants [naming them], and that such defendants have not property liable to an action sufficient to satisfy the plaintiffs' demand; and that such indebtedness or property are, to the best knowledge and belief of this affiant, not by law exempt from seizure or sale upon execution," etc. It is further stated in such brief, and also in the printed case, that the garnishees each answered a general denial.

The plaintiffs took issue upon the answers of the garnishees. The evidence given on the trial will sufficiently appear from the opinions.

The circuit court found as facts, among other things:

" *First.* That the plaintiffs are the owners of a judgment against the defendants F. A. Healy, Sarah A. Healy, R. B. Healy and W. J. Healy, who were partners doing a mercantile business in the town of Medford, in said Taylor county, for the sum of $971.78, which was rendered by this court on the 7th day of February, 1884.

" *Second.* That on the 2d day of October, 1883, defendants F. A. Healy & Co. made, executed and delivered to the defendants, *Hubbell & Wheelock*, jointly (they both being residents of this state), an assignment in writing of all of their partnership property not by law exempt from execution, in trust for the benefit of all of their creditors, and which as-

signment was executed by the defendant F. A. Healy, for and in behalf of his copartners as well as himself, and that said F. A. Healy was the sole managing partner of said concern.

"*Third.* That on the same day the defendants, *Hubbell & Wheelock*, executed a bond, in full compliance with the provisions of ch. 80, R. S., in the penal sum of $5,000 (that being the nominal value of the assets so assigned to them as ascertained by the oath of the assignors and one J. Cleveland), with two sureties, and delivered the same to the county judge of said Taylor county, who endorsed thereon his satisfaction as required by law and filed the same in the office of the clerk of this court.

"*Fifth.* That on said 2d day of October, the defendants *Hubbell & Wheelock* took possession of said assigned property, which consisted of a stock of merchandise and book accounts, and have converted the same into money, and now have in their possession the sum of $5,700, realized from the proceeds of the sales of the same, and that the defendants F. A. Healy, Sarah A. Healy, R. B. Healy, and W. J. Healy, or either of them, have not received out of said property or out of the proceeds thereof, such portion thereof as is exempt by law from execution.

"*Sixth.* That on the 10th of October, 1883, the said assignors made and filed in the office of the clerk of this court a correct inventory of their assets and a list of their creditors, in full compliance with the requirements of sec. 1697, R. S., but that, by mistake, the names of some of their creditors were left out of said list.

"*Seventh.* That said assignees having ascertained by said inventory that the value of said assets so assigned to them exceeded the sum of $5,000, as they then believed, did on the 11th day of October, 1883, make and deliver to the county judge of said Taylor county an additional bond in the sum of $4,000, with two sureties, and which bond was in

full compliance with the provisions of sec. 1694, R. S., and said county judge endorsed thereon his satisfaction therewith, and filed the same in the office of the clerk of this court on the same day.

"*Eighth.* That the affidavit of the plaintiffs, upon which this proceeding is founded, does not charge the defendants *Hubbell & Wheelock* as being jointly liable as garnishees herein.

"*Ninth.* That the allegations of each of the answers of the defendants *Hubbell & Wheelock* are true."

As conclusions of law the court found, among other things:

"*First.* That the defendant F. A. Healy had good right and authority in law to make said assignment, and that the same is made in substantial conformity to the statute in such case made and provided, and that the same is a valid instrument and sufficient to convey to the assignees the property therein described.

"*Fourth.* That the defendants *Hubbell & Wheelock*, or either of them, are not liable as garnishees in this action, and are entitled to judgment against the plaintiffs for their costs herein."

From the judgment entered in accordance with the findings the plaintiffs appealed.

For the appellants there were briefs by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*.

For the respondents there was a brief by *Jones & Sanborn*, and oral argument by *Mr. Jones*.

The following opinion was filed September 23, 1884:

ORTON, J. The respondents, as garnishees, appeared and answered that they had in their possession certain goods and chattels, credits and effects, belonging to the defendants, and that they held the same by virtue of an assignment made to them jointly by the defendants for the benefit of

their creditors. The eighth finding of the circuit court is "that the affidavit of the plaintiffs, upon which this proceeding is founded, does not charge the defendants *Hubbell & Wheelock* as being jointly liable as garnishees herein." Then why did they answer, showing a joint liability under the assignment? The statute (sec. 2753, R. S.) says: "Otherwise the several garnishees shall be deemed *severally* proceeded against." This is the only consequence of the affidavit not stating a *joint* liability. But the garnishees and the parties and the court did not so *deem*, but they were proceeded against as jointly liable by their own answer, and without any objection whatever. This was a waiver of any such objection to the affidavit. *Bevier v. Dillingham*, 18 Wis. 529. The only way of taking advantage of any such defect was for the garnishees to have answered *severally* that they had not in their several, separate, and exclusive possession any such property, and they might, perhaps, have been discharged under the affidavit. But, after disclosing a joint liability, then to ask for a judgment in their favor on such a ground was too late.

On the trial the appellants objected to the assignment on many grounds, only two of which will be considered, as the assignment was unquestionably void on both of those grounds.

1. Because the assignment itself is uncertain as to the property assigned. The following exception of the property assigned is made: "Saving and excepting from the effects of this assignment all such articles of household furniture and other effects as are exempt by law from seizure and sale under execution." The principle violated is that the assignees must show title, or a right to the possession of the identical things held by them, and the things must be specific, and be identified by a sufficient description. The exemptions are a part of any of the property assigned, and the assignment is of a part of any of the exemptions. They are not

separated so as to be capable of identification or delivery. The property conveyed is uncertain, and remained uncertain when the assignment took effect, if it was valid. A like exception or reservation in a mortgage was held by this court fatal to its validity, in *Fowler v. Hunt*, 48 Wis. 345. See, also, cases therein cited. There is no difference in respect to assignments or any other instrument by which personal property is conveyed; but in respect to assignments it has been held that such a reservation of exempted property renders the assignment not only void for uncertainty, but also because it is a fraudulent reservation to the assignor, by giving him the right at any time in the future to withdraw by selection a part of the goods assigned. *Clark v. Robbins*, 8 Kan. 574; *Sugg v. Tillman*, 2 Swan (Tenn.), 208; *Farquharson v. McDonald*, 2 Heisk. 404; *Overton v. Holinshade*, 5 Heisk. 683.

2. Because the assignees did not, " before taking possession of the property assigned, and before taking upon themselves any trust conferred upon them by the instrument of assignment, deliver to the county judge or court commissioner of the county, etc., a bond, etc., in a sum not less than the whole amount of the nominal value of the assets of such assignors, which value shall be ascertained by the oath of one or more witnesses and of the assignors," etc. The only bond delivered to the county judge in this case was one in the penal sum of only $5,000, irrespective of the nominal value of the assets as ascertained in any manner whatever before the assignees took possession of the property and upon themselves the trust conferred upon them by the instrument of assignment. This is indisputable. What was done subsequently to ascertain the nominal value of the assets is immaterial. The assignees had already been clothed with the power to make such a disposition of the property to the injury of the creditors as the statute was designed to prevent. Such a bond as the statute requires is the only security that

the creditors have, and the statute is and was designed to be strict and mandatory, and the statute (sec. 1694, R. S.) makes the assignment void unless it is strictly followed in this respect.   If we could be allowed to consider as affecting the validity of the bond what was done subsequently, it would be apparent that the penalty of the bond so given was but little more than one half of the nominal value of the assets, and the additional bond given some ten days afterwards, of the penalty of $4,000, was yet less than the whole amount.

It seems that the nominal value of the assets was subsequently ascertained, by affidavits and inventories, at various amounts.. Such loose methods of an attempted compliance with such an important and imperative statute, after its flagrant violation that has already made the assignment void, cannot be sustained.   The creditors had already been hindered and held off by the possession of the assignees and their taking upon themselves the trusts of the assignment. This court has so often and so recently decided that not giving the bond as the statute requires renders the assignment absolutely void, that we cannot treat the question as a new or open one, or be governed by authorities elsewhere to any different effect.   *Page v. Smith*, 24 Wis. 368; *Churchill v. Whipple*, 41 Wis. 611; *Smith v. McCulloch*, 42 Wis. 564; *Scott v. Seaver*, 52 Wis. 175.   The reasons for so holding need not be repeated.   The judgment should have been rendered in favor of the plaintiffs for the full amount of their claim, inasmuch as it appears by the finding of the court that there is sufficient money in the hands of the garnishees, the proceeds of the property so sought to be assigned, for that purpose.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in favor of the plaintiffs against the garnishees for the whole amount of their claim against the defendants in this case shown.

Goll and another vs. Hubbell and another, Garnishees, etc.

The respondents having moved for a rehearing, the following opinion was filed November 6, 1884:

Lyon, J.   1. In the argument for a rehearing of this cause the single point is made that this court was mistaken when it said the garnishees' answer showed a joint liability under the assignment.   Counsel states that the garnishees answered separately in the statutory form (R. S. sec. 2759), and claims that this is only a denial by each of individual liability as a garnishee.   Undoubtedly they did so answer, but we do not find their formal answers in the record.   Neither do we find therein the affidavit upon which the garnishment proceedings were based.   The answer mentioned in the former opinion means the statements of the garnishees in their testimony given on the trial of the issue of their liability.   That is all we then had or now have before us upon which judgment can properly be rendered.   Neither in those answers nor in any of the proceedings on the trial is there any suggestion that the affidavit of garnishment fails to charge a joint liability, or that the garnishees were defending as individuals, and not as a firm.   They joined in their defense, if they did not in their formal answers, and both of them testified that they held the property of the principal debtors under the assignment to them, and read that instrument in evidence to establish their title to the property.   Hence the facts on this branch of the case, as they appear in the record, were stated correctly in the former opinion, and we are satisfied that the correct legal rule was applied.

2. One ground upon which the assignment was held void is that it is uncertain as to the property assigned, because of a reservation therein of exempt property.   We have had occasion to reconsider this proposition in *First Nat. Bank of Madison v. Hackett, post,* p. 335, and have there held that such reservation in an assignment by a copartnership is inoperative, because the law gives the assigning firm, as

such, no exemptions; and hence that the void reservation, which can harm no one, does not invalidate the assignment. The assignment in the present case was also by a firm; and the two instruments are alike in the particular under consideration.    That portion of our former judgment which holds the assignment void for uncertainty must therefore be withdrawn.

3. We adhere to the opinion that the assignment is void because of the insufficiency of the assignees' bond.

*By the Court.*— Motion denied.

ORTON, J.    I respectfully dissent from this opinion as to the construction of the reservation clause in the assignment of exempted property.