THE GERMAN BANK, Appellant, vs. PETERSON, Garnishee, etc., Respondent.

*October 13 — November 1, 1887.*

*Assignment for the benefit of creditors: Reservation in inventory of right to select exempt property.*

An assignment for the benefit of creditors of all the property of the assignor, " except such as is exempt by law from levy and sale," is not rendered void by a reservation to the assignor in the inventory of the right to claim any of the property therein described, which is in any way exempt by law from levy and sale, where such inventory in fact contains all his property. Whether such reservation would be effectual is not decided.

APPEAL from the Circuit Court for *Calumet* County.

This is an appeal from an order refusing to hold an assignee for the benefit of creditors liable as garnishee of the assignor. The facts sufficiently appear in the opinion.

For the appellant there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*. They argued, among other things, that the claim in the inventory as to

exempt property renders it indefinite and uncertain, and therefore void. This case does not come within the decisions in this state on that subject. *Goll v. Hubbell*, 61 Wis. 293; *First Nat. Bank v. Hackett*, id. 339; *Bates v. Simmons*, 62 id. 69; *Batten v. Smith*, id. 92; *McNair v. Rewey*, id. 167; *First Nat. Bank v. Baker*, 68 id. 442. The inventory should identify the property intended to be assigned. *Fowler v. Hunt*, 48 Wis. 345; *Newell v. Warner*, 44 Barb. 263; *Farquaharson v. McDonald*, 2 Heisk. 404; *Croswell v. Allis*, 25 Conn. 311; *Blakely v. Patrick*, 67 N. C. 40; *Clark v. Robbins*, 8 Kan. 574; *Sugg v. Tillman*, 2 Swan, 208; *Overton v. Holinshade*, 5 Heisk. 683.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *T. R. Hudd*.

TAYLOR, J. The respondent was garnished in the case of *German Bank v. Adolph Moeller*. The garnishee answered denying that he had any property in his possession belonging to said Adolph Moeller, or that he was indebted to him, and further alleges that before the garnishee process was served in the case, the said Moeller had made a voluntary assignment to him of all his property for the benefit of his creditors; and that he held, at the time the garnishee summons was served, a large amount of real and personal property under such assignment, which had formerly belonged to the said Moeller.

The only reason which the appellant urges for holding said respondent liable as garnishee is that the assignment on its face assigned all his property, " except such as are exempt from levy and sale under the laws of the state of Wisconsin; " and that in the inventory which the assignor made of his property thereafter he enumerates all his real and personal property, but in the inventory of the real estate, after describing the same, there is added the following: " The above is listed by said debtor, he reserving to him-

self the right to claim any and all of the above-described tracts, lots, or pieces of land, as his homestead, or in any way exempt from levy and sale on execution or attachment under any law or statute of this state, and reserving to himself all his exemptions and reserved rights therein." To the inventory of the personal property was appended the following: " The statutory exemptions in favor of debtors, or stock in trade, or any other right of exemption, have not yet been selected from the above property of this inventory. This inventory is filed subject to any such right of exemption which the said Adolph Moeller, assignor, may have therein."

The learned counsel for the appellant does not claim that the provision in the assignment, reserving to the assignor his exempt property, renders the assignment void. That question, it is admitted, has been decided against him by this court in *Bates v. Simmons,* 62 Wis. 69; *First Nat. Bank v. Hackett,* 61 Wis. 335; *Goll v. Hubbell,* 61 Wis. 293; and *Cribben v. Ellis, ante,* p. 337. In addition to the long list of cases cited by counsel in this last case, sustaining assignments which contain a reservation of exempt property, we cite the case of *Muhr v. Pinover,* decided June 23, 1887, by the court of appeals of Maryland, and reported in 10 Atl. Rep. 289. It being settled that an assignment containing a reservation of exempt property is valid, it would seem to follow that a claim of such exemption in the inventory afterwards filed could not destroy the assignment. But the learned counsel for the appellant insists that the inventory filed, containing such reservation, is not such an inventory as the law requires, and therefore the assignment under the law, as it was when this assignment was made, is rendered void, because no sufficient inventory was filed within the time prescribed by law. The inventory filed purports to be an inventory of all the property, both real and personal, of the assignor, and is sworn to by the assignor, and certified

by the assignee, as required by the statute. The fact that the assignor says that he will claim some of the inventoried property as his homestead, and some of the personal property as exempt to him, does not show that the inventory does not contain all the property which he assigned to his assignee, but is an intimation that it contains the exempt property which he did not assign. It certainly does not show that it is not an inventory of all the property which he assigned to the assignee.

The assignment is clearly a valid assignment, and the only possible question that can arise is whether, having scheduled the property as the property assigned by him, this reservation in the inventory is sufficient to entitle him to reclaim the homestead and other exempt property from the assignee, if such assignee has the property in his possession. That question is not in this case, and need not be determined. That is a question to be determined between the assignee, the assignor, and the general creditors in the assignment proceedings, and not in this case, which must necessarily proceed upon the ground that the assignment itself is void. Upon this question, I refer those interested to the remarks of the court in the case of *Muhr v. Pinover, supra.*

*By the Court.*— The judgment of the circuit court is affirmed.