PARKER, HOLMES & CO., APPELLANTS, VS. HARRY E. CLEVELAND, APPELLEE.

1. The appellee made a written statement of his means and property February 11th, 1890, in which, among other property, he stated that he owned "fosfate" land and city property of the aggregate value of $2,300, and described the property as "80 acres fosfate land in Hernando county, and house and lot in St. Augustine, Fla." There was no other evidence to show that the "fosfate land" in question was owned by appellee. The appellee, April 19th, 1891, made a general assignment for the benefit of his creditors. This assignment was attacked by an attachment upon the ground that such evidence showed that the appellee had fraudulently withheld such land from the same: *Held*, That a statement by appellee more than a year and three months previous is not sufficient evidence that he still owned the land at the date of the assignment, and fraudulently withheld the same. The proof of a fraudulent withholding of property from an assignment for the benefit of creditors should be less remote and more definite and certain.

2. A general exception of exempt property from an assignment for the benefit of creditors does not *ipso facto* make the assignment deed void for uncertainty, or fraudulent and void as against creditors, and does not authorize an attachment against the assignee on account of its having been executed.

3. A certified transcript from a record of an instrument which has been spread thereon, without any such proof or acknowledgment of its execution as is necessary to admit it to record, is not admissible in evidence. The transcription of a paper upon the record under such circumstances is a nullity and of no effect.

4. The certificate of a Clerk of a Circuit Court as to a matter of fact is not admissible in evidence. The law as to certificates of such officers as custodians of records only extends to transcripts of such records. If their testimony is desired upon other points, they should be regularly sworn and testify as other witnesses.

40 SUPREME COURT.

Parker, Holmes & Co. v. H. E. Cleveland.—Argument of Counsel.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellants.

*R. H. Liggett*, for Appellee.

### BRIEF OF COUNSEL FOR APPELLEE.

On April   , 1891, the appellants sued out a writ of attachment against the property of appellee, on the ground that appellee was fraudulently disposing of his property, which was levied upon certain property previously assigned by him in trust for creditors, and of which the assignee had possession at the time of the levy of the writ. The appellee filed an affidavit traversing the special ground assigned for attachment, and moved to dissolve the attachment, which motion the court granted. The parties, by agreement, submitted the motion to the judge. The appellants offered in evidence the deed of assignment, the affidavit of the assignor and a written statement made by appellee February 11th, 1890, and rested. The defendant admitted that the assignee was in possession at the time of the levy of the writ of attachment.

The appellee offered no evidence.

### THE ARGUMENT.

It is insisted by appellants that the evidence shows that appellee did not assign all of his unexempt property. It appears from the written statement made by appellee in February, 1890, that he then owned a tract of land situated in Hernando county; but no such land is embraced in the deed of assignment.

It is submitted that it was incumbent upon appellee to show affirmatively and distinctly that appellant owned the property at the time of the execution of the deed of assignment, and that proof that he had owned it more than a year before the time of the assignment does not prove this fact, nor did such proof give appellants reason to believe that the appellee owned these lands at the time of executing the deed.

There was no evidence, direct or circumstantial, showing that the appellee had not conveyed the Hernando lands before the execution of the deed of assignment.

The *appellants* offered in evidence the affidavit of appellee, wherein he swore that he had conveyed by his deed of assignment all his property of every description, except such as was exempt by law.

The appellee could not have sworn to more had he taken the stand, and after appellants put in this affidavit it was useless for appellee to take the stand and reiterate its statements.

The affidavit must be taken as true, and it destroys any inference of a continued ownership of the Hernando lands that might be drawn from the fact that appellee owned them in February, 1890. By demurring to the evidence the appellee admitted the truth of appellants' evidence, and all just inferences therefrom. In this case the same condition would have resulted from a mere submission of the case, as appellee offered no evidence.

The judge must have concluded, from the evidence, that the appellee had assigned all his property except such as was exempt by law, and that appellants had *no reason* to believe that he had not, and his finding is conclusive, like the verdict of a jury.

The judge properly refused to admit the copy of the receiver's certificate for two obvious reasons, but the appellants were not prejudiced by its rejection, as they proved the fact of ownership of the lands by the written statement.

The deed of assignment does not except or reserve any interest out of the property conveyed. It does, however, convey all the property of the assignor *except such as is exempt*, which it *does not purport to convey*, and it particularly describes all the property intended to be conveyed (see premises of deed), and in the *habendum* it provides that *all* of the property conveyed shall be sold and *all* the proceeds paid to creditors, and nothing whatever is reserved or excepted for the benefit of the assignor. It is not necessary to convey exempt property. Bradley vs. Bischel, 46 N. W. 754; Iowa Supreme Court, Oct. 13, 1890. However, a deed of assignment which does reserve or except the exemption out of the property conveyed is valid. Richardson vs. Marqueze, 42 Am. Rep. 353; S. C. 59 Miss. 80; Muhr vs. Pinover, 10 Atlan. 289 (Supreme Court, Maryland, June, 1887); Cribben vs. Ellis, 34 N. W. 154 (Supreme Court Wis., Sept. 20, 1887), 100 Pa. St. 580; Hartzler vs. Tootle, 85 Mo. 23; Knefier vs. Shreve, 78 Ky. 297; Brooks vs. Nichols, 17 Mich. 38; Rosenthal vs. Scott, 41 Mich. 632; Baldwin vs. Peet, 22 Texas 709; Rainwater vs. Stevens, 15 Mo. Appeal 544; Wait on Fraudulent Conveyances, sec. 326; 1 Devlin on Deeds, sec. 222; Mooney vs. Cooledge, 30 Ark. 640; 1 Warvelle on Vendors, page 473. sec. 4. See Frank et al. vs. Myers et al. 11 South. Rep. 832 (Supreme Court of Alabama, Nov. 22, 1892), overruling Black vs. Mars, 65 Ala. 211, and Myers vs. Conway, 90 Alabama 109.

The case of Myers vs. Conway does not hold that .the reservation of the right of exemption avoids the deed of assignment, but that such a deed is executory until the exemption is set aside. It holds that the assigned property had not yet vested in the assignee when the attachment was levied, and that the attaching creditor could hold it against the assignee, not because the assignment was void, and not because its execution in this way furnished ground for attachment, but because the legal title was still in the assignor. That case is materially different from this, in that in the Alabama case it was only necessary for the creditor to show that the legal title was in the assignor when the attachment was levied (it being a claim case brought by the assignee), but in the case under consideration the appellants must show that the assignor was fraudulently parting with his property, and not simply that the assignor had title to the property attached.

If the Alabama case passes on the validity of the assignment at all, it holds that it is valid. On page 640 the court says: "It may be admitted that the assignment is not rendered fraudulent by reason of the assignee's receiving his lawful exemption from the operation of the transfer. This exempt interest is one not liable for his debts, and no prejudice can arise to creditors by its retention, if effected in a mode otherwise unobjectionable." Certainly, no way could be devised which is more to the advantage of the creditors than to have the exemption set aside by the assignee of the debtor, who is the representative of the creditors and the officer of the court. It would seem that such a method has many advantages over the custom of setting off the exemption before the assignment is made. There is nothing in the record that justifies the appellants in asserting that the trial judge took

the view that the plaintiffs must show actual fraud in order to sustain the attachment.

It was admitted by the defendant by the issue produced by the traversing affidavit that the question to be determined was, "had the plaintiff reason to believe that the defendant was fraudulently parting with his property," etc., and the case was conducted on this theory throughout, and we feel assured that this court will require some more tangible evidence than appellants' counsel produces before it acquiesces in the attribution of such *crass* ignorance.

LIDDON, J.:

The appellants (plaintiffs below) began an action of assumpsit upon unpaid bills of merchandise against the appellee (defendant below) for $1,100, and in said action sued out a writ of attachment against the defendant. The affidavit for attachment was made April 16th, 1891, by one William L. Haynes, agent of the plaintiffs, and the grounds alleged are that said affiant had reason to believe, and did believe, (1) that the defendant would fraudulently part with his property before judgment could be recovered against him, and (2) that said defendant was fraudulently disposing of his property. The defendant filed his affidavit traversing the special grounds for attachment, and upon such affidavit moved to dissolve the attachment. The motion was submitted to the Circuit Judge (a jury being waived by each party) and upon hearing the attachment was dissolved. The plaintiff appealed.

The errors assigned, so far as necessary, will be noticed in regular order. The first three assignments, as follows: (1) that the court erred in refusing to grant a new trial; (2) that the judgment was againt

the law, and (3) that the judgment was against the evidence, may be considered together.

It appears from the record that on April 15th, 1891, the day preceding the institution of plaintiff's suit and suing out of attachment, that the defendant had made a general assignment for the benefit of his creditors, under the statute in such cases then in force. The property had gone into the hands of the assignee before the writ of attachment issued, and was levied upon in his hands. The plaintiffs after suing out their attachment, on April 25th, 1891, also sued out a writ of garnishment against the assignee. The record does not show what disposition, if any, was made of the garnishment proceeding. The plaintiffs claim that, for two different reasons, the assignment was fraudulent and void, so as to justify them in suing out the attachment upon the grounds stated in their affidavit. The first of these reasons is, that the assignment did not comply with the act of 1889, Chapter 3891 laws of Florida, under which it was made, in that it "did not provide for an equal distribution of all the assignor's property, real, personal and mixed, except such as is exempted by law from forced sale, among the several creditors of the assignor in equal proportion," etc. Upon this point it is claimed that the evidence shows that eighty acres of phosphate land in Hernando county, owned by the defendant, was not included in the assignment. The second reason that the deed of assignment is fraudulent and void is because of the reservation therein in general terms of all property of the assignor exempted by law from forced sale, without a specific description of such exempt property.

Recurring to the first reason stated above, we will summarize the evidence upon this point in order to ascertain if it shows the ownership by the defendant

of the phosphate land in question at or near the date
of his assignment. The plaintiffs offered in evidence
a written statement of the defendant, made to a con-
cern called the National Shoe and Leather Exchange,
of his means and property, dated February 11th, 1890.
In this statement, among other property claimed by
him, the defendant said that he owned "fosfate" land
and city property of the aggregate value of $2,300.
Accompanying this statement was a letter from de-
fendant saying, among other things not relevant to the
point under consideration, as follows: "I will de-
scribe the property: 80 acres fosfate land in Hernando
county, and house and lot in St. Augustine, Fla." This
was the only evidence offered upon that subject, ex-
cept a certified copy of a receipt from the receiver of
the United States Land Office at Gainesville, Florida,
which was executed by the court, which exclusion is
made the ground of another assignment of error, and
is considered in the further course of this opinion.
There was no other evidence to show that the land in
question was owned by the defendant. We can not
regard a statement made by the defendant more than
a year and three months previous as evidence that he
still owned the land at the date of the assignment, and
hold that the proof shows that property owned by the
defendant was withheld from the assignment. The
proof of a fraudulent withholding of property from
an assignment should be less remote, and more clear,
definite and certain.

Referring to the second reason for the attack upon
the assignment, we will consider the provision which
it is claimed renders it fraudulent and void. The as-
signment deed begins by reciting that the assignor
(the defendant) "is justly indebted to various persons
in sums of money which he is not able to pay in full,

and is desirous of making an equal division of his property (except such as is exempt by law from forced sale) among his creditors.'' That portion of the deed which describes the property conveyed thereby is as follows: ''All and singular the property, real, personal and mixed (except such as is exempt by law from forced sale) wherever situated of the party of the first part; which property is more particularly described as follows (here follows lengthy detailed descriptions of property, both real and personal). The appellant contends that the exception in general terms of the exempt property from the operation of the deed of assignment makes the same void for uncertainty, and conveyed no title to the assignee. It is not claimed that there was any specific intent to commit any actual fraud so far as the exempt property was concerned, but that the exception in the assignment *per se* made the whole assignment fraudulent and void so as to authorize an attachment of the property upon the grounds stated in the affidavit. It was admitted by the parties upon trial that the defendant was the head of a family residing in the State of Florida. Attacks of this character upon assignments for the benefit of creditors have frequently been before the courts. We have been able to find only one case which seems to sustain the appellant's contention, which is cited by his counsel, *viz:* Sugg vs. Tillman, 2 Swan, 208. This case, if not overruled *eo nomine*, has been practically overruled in the same State: Farquharson vs. McDonald, 2 Heish, 404; McCord & Robbins vs. Moore, 5 Heish. 734. Upon the other side of the question is, an overwhelming, unbroken array of authority to the effect that a general exception of exempt property from an assignment, without specifying it, does not *ipso facto* make the deed void for uncer-

tainty, or fraudulent and void as against creditors.
Among a great number of authorities holding the
proposition are: Frank vs. Myers, 97 Ala. 437, 11
South. Rep. 832; Devlin on Deeds, sec. 222; Mooney
vs. Cooledge, 30 Ark. 640; Warvelle on Vendors, p.
473; Muhr vs. Pinover, 67 Md. 480, 10 Atl. Rep. 289;
Eigenbrun vs. Smith, 98 N. S. 207, 4 S. E. Rep. 122;
Goll vs. Hubbell, 61 Wis. 293, 20 N. W. Rep. 674; 21
N. W. Rep. 288; German Bank vs. Peterson, 69 Wis.
561, 35 N. W. Rep. 47; Bates vs. Simmons, 62 Wis.
69, 22 N. W. Rep. 335; Smith vs. Mitchell, 12 Mich.
180; Perry vs. Vezina, 63 Iowa, 25, 18 N. W. Rep.
657; Garnor vs. Frederick, 18 Ind. 507; Hartzler vs.
Tootle, 85 Mo. 23; Brooks vs. Nichols, 17 Mich. 38;
Rosenthal vs. Scott, 41 Mich. 632; Rainwater vs.
Stevens, 15 Mo. App. 544; Bradley vs. Bischel, 81
Iowa 80, 46 N. W. Rep. 755; Wait on Fraudulent
Conveyances, sec. 326. In the cases upon the subject
there is some difference of opinion whether the excep-
tion is not void for uncertainty. Some cases held the
exception void, while the general grant in the convey-
ance is effective, and that therefore a deed containing
such general exception conveys the whole property,
including the exempt property, as well as that not ex-
empt. Other cases hold that the debtor making such
assignment may select the exempt property after de-
livery to the assignee, and appraisement and inventory
by him, and that the deed is affective and conveys the
property subject only to such right of selection in the
assignor; that the assignor assigns the same right in
the property that a sheriff would seize on execution
i. e. the whole property subject to the debtor's right
of exemption. It is not necessary to state which of
these differing views is correct in our opinion. The
deed of assignment in this case was not a fraudulent

disposition of property, was not made with a view to hinder and delay creditors, whether the one opinion or the other prevails. If the assignor has failed to properly except his exempt property from the deed of assignment, so that it is thereby conveyed with property not exempt to the assignee for the benefit of creditors, so far from creditors being injured they are positively benefitted by the assignment. They will receive the benefit of proceeds of the exempt property which otherwise would be beyond their reach in ordinary legal proceedings. On the other hand, if the exception is sufficient to reserve the exempt property from the operation of the deed of assignment, the assignor has done that which he had full legal right under the statute to do. The creditor can not complain that property is reserved from the assignment which could not have been subjected to their claims if no assignment had been made. Our conslusion is that the deed of assignment is not fraudulent *per se*, so as to authorize an attachment on account of its having been executed by the defendant debtor. By such assignment itself it does not appear that the debtor did anything that he had not full legal right to do, that the assignment was not fairly and honestly made for the purpose stated in it, of providing for an equal division of his property, not exempt by law from forced sale, among his creditors.

Upon the hearing the plaintiffs offered in evidence the following certificate, *viz:*

United States to Henry E. Cleveland—Conveyance of Land.

RECEIVER'S OFFICE AT GAINESVILLE, FLORIDA, }
July 8th, 1885. }

Received from Henry E. Cleveland, of Bushnell,

4

Ill., the sum of ninety-eight dollars and 82 cents, being in full for the S. ½ of S. W. ¼ of section No. 8, in township No. 21, S. of range No. 18 E., containing 79 acres and 06-100, at $1.25 per acre.   $98.82.

JOHN F. ROLLINS, Receiver.

STATE OF FLORIDA,
HERNANDO COUNTY.

I, Frank E. Saxon, Clerk of the Circuit Court in and for Hernando county, in said State, hereby certify the foregoing to be a correct copy of the receiver's receipt to Henry E. Cleveland, as it appears of record on page 286 of Book U of deeds, Hernando county records.   I also further certify that the land described in said receipt has not been transferred or mortgaged by the said Cleveland.   Witness my official signature and seal this April 27th, 1891.

FRANK E. SAXON, Clerk,
By S. A. WILSON, D. C.

Upon objection by the defendant this paper was excluded by the court. Its exclusion is assigned as error. The evidence was clearly objectionable, and its exclusion was proper.

There is nothing to show that the paper had been duly recorded, no such proof or acknowledgment of execution having been made as was necessary to admit it to record.   This receipt having been improperly recorded, is not to be considered as a recorded instrument.   Its transcription upon the record is a nullity and of no effect.   Sanders vs. Pepoon, 4 Fla. 465; Keech vs. Enriquez, 28 Fla. 597, 10 South. Rep. 91. The clerk's certificate that the land described had not been transferred or mortgaged by the defendant was clearly inadmissible.   The law as to certificates of clerks as custodian of records only extends to transcripts of such records.   If their testimony is desired

upon other points, they should be regularly sworn, and testify as other witnesses. Newman vs. Doe *ex dem.* Harris & Plummer, 4 How. (Miss.) 522; 1 Greenleaf on Evidence, sec. 498; Governor vs. Jeffreys, 1 Hawks 207; Exchange and Banking Co. of New Orleans vs. Boyce, 3 Robinson, 307; Governor vs. Bell, 3 Murphey 331; Johnson vs. Hocker, 1 Dallas (Pa.) 406. Even if the original receiver's receipt had been offered in evidence, it could not have been received against objection, unless it was first shown that it was in fact issued and signed by the officer purporting to have issued and signed the same. Yellow River R. R. Co. vs. Harris, 35 Fla. 385, 17 South. Rep. 568.

There is no error in the record, and the judgment is affirmed.