By the Court. Duer, J.
Were we at liberty to follow our own convictions, we should probably have no difficulty in holding that this assignment is valid, and consequently Would feel it our duty to declare that the judgment at special term, as erroneous, must be reversed.
But we are not at liberty to follow our own views, The Court of Appeals, in reversing the judgment of this court, in Nicholson v. Leavitt, has established the doctrine, that an assignment made by an insolvent debtor for the benefit of his creditors, is, upon its face, fraudulent and void, when, by its terms, a discretionary power is given to the assignee, by the exercise of which, the immediate conversion of the property into money, or the immediate distribution of the proceeds of its sale among the creditors, may be prevented or delayed, Such a provision, it seems, is conclusive evidence of an intent to delay the creditors, and an intent to delay creditors, it also seems, is equivalent to an intent to defraud them,
It may be that the discretion is given with a Sole view to benefit the creditors by enlarging the fund out of which their debts are’to be satisfied, but this circumstance, whether manifest or proved, is deemed immaterial. The assignment, to be Valid, must either by express words, or by its necessary legal Construction, devote all the property which it embraces, not only absolutely and unconditionally, but immediately to the payment of the creditors. It must be fiiade the duty of the assignee to sell the whole, with the least possible delay, and for cash; and where a discretion is given, the exercise of which, in *538 a particular mode, would be inconsistent with the discharge of this duty, not only the objectionable clause, but the whole instrument is void; Such is the doctrine, which Was first an-1 bounced by Bronson, J., in Barney v. Griffin (2 Comst. 365), Which the Court of Appeals, in Nicholson v. Leavitt, has adopted and affirmed, and which we, therefore, are now bound to say, is established as law. In obedience to the law thud established, we are constrained to declare, that this assignment, although we entertain not the slightest doubt as to the actual good faith of the parties, is, upon its face, fraudulent and void.
The discretionary power given to the trüstée in the assignment, which, on the sole ground that it Contained the power, was set aside as fraudulent in Nicholson v. Leavitt, was that of selling the property assigned for “ cash or upon credit;” The authority of the trustee in the ease now before ns, is to sell the property “ upon such terms and conditions, as in his judgment may appear best and most for the interest of the parties com cerned.” The words are not the same, but, we apprehend, that in the meaning there is not the slightest difference. “ Terms and conditions,” can only mean terms and conditions of payment, and unless in connexion with the words that follow iti the clause which we have quoted, they convey by a necessary implication, a discretionary power to sell upon credit—they are absolutely without significance or purpose-Mhey are not merely superfluous, but senseless;
The objection is not met by saying that ás á salé Upon credit is an illegal act,'the court will not presume that the discretion given will thus be exercised; The question is not whether the discretion Will he exercised, hut whether it was meant to he given, and is given, by the words that are used; for as we understand the decision of the Court of Appeals, it is the intent of the debtor to delay his creditors, as manifested by his grant of the discretionary power, not the probability, or improbability of the future exercise of the power, that vitiates and nullifies the assignment;
It may be true that wheñ there áre several modes df exercising a discretion, one of which is prohibited by law, the others not, the court, in Order to sustain the grant, will presume *539 that a lawful authority only was meant to he given. But the difficulty in this case is, that if yon take away the poWer to sell upon credit, no discretion remains, since there can be no exercise of a discretion as to the terms and conditions of a sale, when it is for cash, and cash alone, that the salé can be made. There is no discretion where the duty is single and imperative. We repeat then, that the question relates only to the intent of the debtor in granting a discretionary power, as evidenced by the terms of the grant, and that, in this Case, the debtor meant that the assignee should sell the property upon credit, if in his judgment that course would be most beneficial to the parties interested, and that this intent is manifest, from the terms he has used, we think it is impossible to doubt. We can perceive no reason for giving to the words of this assignment a different construction from that which Would be certainly given to the same Words in an ordinary power of attorney. Where the power given to the attorney is to sell real Or personal property, upon such terms and conditions as he may deem most for the interest Of his principal, the validity of a sale made by him in good faith, upon .credit, we apprehend has never been doubted. The sale, however, cannot be valid, unless the Words embrace and convey the authority,
¡Nor, in our judgment, is this construction of the words used in this assignment varied Of affected by the direction that follows in the clause that We have quoted, “to convert the property into money.5’ The duty of converting the property into money is expressed of implied in every assignment, since Where the creditors are to be paid in money, süch a conversion Must of necessity precede the payment. It is to this ultimate and necessary conversion that the direction in question must be construed to refer, since if construed as imposing the duty of Making the conversion by an immediate sale of the Whole property, the discretion previously given to the assignee of selling upon such “terms and conditions as in his judgment might appear best,” is taken away entirely, and the words of the entire clatise are seen at once to be repngnant and contradictory. As it is certain, however, that there was no such contradiction in the mind of the assignor, we are compelled in this, as in alt similar cases, to adopt a construction which, as removing the *540 apparent repugnancy., will most probably be consistent with the real intention.
If there can be a distinction made between the cases, in which the power to sell upon credit is given by express words, and those in which the words, although general, can only he satisfied by holding that they embrace the power, We must leave it to be made in the Court of Appeals, since we are ourselves unable to see that there is any ground in reason upon Which the distinction can be rested.
Holding, therefore, as we do, that this case is in principle the Same as Nicholson v. Leavitt, and yielding our personal convictions, as we must, to the controlling authority of that decision, no other course is left to us than to affirm the judgment at special term.
Judgment affirmed, with coste.