## MULLER and another *v.* NORTON and others.[1]

(*Circuit Court, N. D. Texas.* February, 1884.)

**1. ASSIGNMENT TO CREDITORS.**

An assignment for the benefit of creditors, under the laws of Texas, wherein the assignor has expressly reserved an interest to himself, to the exclusion of his creditors, is null, void, and of no effect.

*Lawrence* v. *Norton,* 15 FED. REP. 853, followed.

**2. SAME.**

Such an assignment is a contract between the assignor and assignee, which, while it may be aided by the law, must be taken and construed by the terms and provisions expressly stipulated therein; and any stipulation therein which is intended to hinder or delay non-consenting creditors must find warrant therefor in the law, or the assignment to such creditor is null and void.

*Donoho* v. *Fish,* 58 Tex. 167, and *Keevil* v. *Donaldson,* 20 Kan. 168, followed.

On Demurrer.

*Wright & Wright,* for plaintiffs.

*Crawford & Crawford,* for defendants.

PARDEE, C. J. It was held by this court, in *Lawrence* v. *Norton,* that an assignment for the benefit of creditors, under the laws of Texas, wherein the assignor has expressly reserved an interest to himself, to the exclusion of his creditors, is on its face null, void, and of no effect, (see 15 FED. REP. 853;) and in that case we also held, considering the act of 1879 in relation to assignments, that, under the third section of that act, assignments for the benefit of preferred creditors, who are preferred on their own election, under stress of a penalty forfeiting their whole claim, are not in terms aided by the law, and are not favored by the courts. We still adhere to the correctness of our conclusions in that case, and now, as then, we see no antagonism between them and the decisions of the supreme court of the state of Texas in relation to the same law.

In the case now under consideration, it seems to us, the following propositions are equally well taken, and can be equally supported on principle and authority. The assignment in favor of creditors, under the act of 1879, is a contract between the assignor and assignee, which, while it may be aided by the law, must be taken and construed by the terms and provisions expressly stipulated therein. *Donoho* v. *Fish,* 58 Tex. 167; *Keevil* v. *Donaldson,* 20 Kan. 168. That when an assignment is made, under the third section of the act of 1879, any stipulation therein which is intended to hinder and delay non-consenting creditors must find warrant therefor in the law, or the assignment as to such creditors is null and void. *Keevil* v. *Donaldson, supra; Lawrence* v. *Norton, supra; Bryan* v. *Sundberg,* 5 Tex. 423. See, also, *Jaffray* v. *McGehee,* 107 U. S. 361; S. C. 2 Sup. Ct. Rep. 367.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The assignment in this case, which is under the third section, provides: "And for said purpose the said Fred. Muller and A. Jacobs are hereby authorized and directed to take possession at once of the property above conveyed and convert the same into cash as soon and upon the best terms possible for the best interest of our creditors." This provision authorizes the assignees, in their discretion, to dispose of the assigned property on credit. See *Moir* v. *Brown*, 14 Barb. 39; *Schufelt* v. *Abernethy*, 2 Duer, 533; *Rapalee* v. *Stewart*, 27 N. Y. 311; *Hutchinson* v. *Lord*, 1 Wis. 286; *Keep* v. *Sanderson*, 2 Wis. 31. For other authorities see Burrill, Assign. § 222. It is a badge of fraud. *Carlton* v. *Baldwin*, 22 Tex. 731; and see Burrill, Assign. § 221. Such provision is not authorized by law, the said act of 1879 being silent as to the method of disposing of assigned property. The non-consenting creditors being compelled, under the law, to submit to a forced stay of execution until the consenting creditors are paid in full, it follows that a sale on credit, the same not being authorized by law, hinders and delays such non-consenting creditors beyond the sanction of the law, and consequently defrauds them. It is urged that the assignee need not sell on credit, and, unless he does, the creditors are not hurt. This may be true, but the creditors are not obliged to await the event. The assignment placed it in the power and discretion of the assignee to prolong the execution and closing of the trust for an indefinite period. This was not only unauthorized by law, but was against the policy of the law, for it cannot be denied that the policy of the law is to secure a speedy settlement of the trust and distribution of the assigned property. An assignment in favor of creditors which in effect authorizes the assignee to sell the property conveyed in a method not permitted by the statute, must be void; for contracts and conveyances in contravention of the terms or policy of statute will not be sanctioned. See *Jaffray* v. *McGehee, supra*.

It is further claimed in argument that to give effect to the objections urged against the assignment, and to hold the same invalid for fraud apparent on its face, is to sanction and permit the very evil which is the subject of complaint—that is, to give the attaching creditors a preference, and a preference, too, over creditors who have been snared and entrapped by the law. To this it is sufficient to answer that the court is compelled to decide between two sets of preferred creditors—the consenting creditors and the attaching creditors. The one may be as meritorious as the other; but while the former may be open to the charge of collusion, and the latter to the charge of rapacity, the law favors the diligent and vigilant. The trouble arises with the debtor who wants to go further than the law of 1879 warrants, in driving creditors to abandon their just claims and demands.

The demurrer should be sustained; and it is so ordered.

McCORMICK, J., concurs.