KING v. RUBLE.

Decided April 18. 1891.

*Assignment for creditors—Reservation of exemptions.*

The reservation by an insolvent assignor, from the proceeds of personal property assigned, of a sum of money equal to his exemptions is an un-lawful benefit to the assignor at the expense of his creditors, and renders the deed of assignment void.

APPEAL from *Boone* Circuit Court.

RICHARD H. POWELL, Judge.

Attachment to test the validity of an assignment for the benefit of creditors. The court held the assignment void.

The assignee appeals. The opinion states the facts neces-
sary to its understanding.

*Crump & Watkins* for appellant.

The reservation of the exemptions allowed by law in the
manner in which they are claimed does not render the deed
void. The debtor reserves nothing that the creditors could
reach, or were interested in. 31 Ark., 554; Warvelle on
Vendors, p. 621, sec. 17. The assignor has the right to
assign all his property and demand his exemptions in money
from the assignee. Thomps. on H. & Ex., sec. 436; Burrill
on Ass. (4th ed.), sec. 96, and notes; 15 Mo., 544; 26 Penn.
St, 473; 49 *id.*, 465; 76 *id.*, 279; 16 N. Y., 562; 22 Tex.,
708; 18 Ind., 507; 63 Ia., 25; 12 Mich., 180; 17 *id.*, 38;
41 *id.*, 632; 2 Heisk. (Tenn.), 404; 35 Ga., 180.

*W. F. Pace* and *Sanders & Hill* for appellee.

A deed of assignment, deed or mortgage, which conveys
*all* the property of the assignor to the assignee, and then
reserves "the exemptions allowed by law," without specify-
ing the property claimed as exempt, is, under the laws of
Arkansas, void. 41 Ark., 70; 4 N. W. Rep., 481; 41 Ark.,
495; 44 Barb., 263; 25 Conn., 311.

The cases in Michigan, Indiana and Pennsylvania, cited
by appellant, are upon local statutes, differing from ours in
terms and intent, and are not decisive authority. 52 Ark.,
41. In those States the statute exempts the property itself.
Burrill on Ass. (5th ed.), sec. 96. In Arkansas the debtor
has only a *right* to claim property as exempt, which must
be exercised in the manner pointed out by law. Const.,
art. 9, sec. 2; Mansf. Dig., sec. 3006; 47 Ark., 400; 49 *id.*,
116; 13 S. W. Rep., 729; 52 Ark., 547.

HEMINGWAY, J. The claim of the interpleader was
founded upon an assignment. On the trial of his interplea
he offered the assignment in evidence, and the court ex-
cluded it for fraud upon its face. This ruling is the only
matter presented for our consideration.

The interpleader contends that the ruling was erroneous, while the appellee contends that it may be justified upon either of four grounds. The contention of the appellee opens a wider field than we have thought it necessary to examine ; for, in the view that we have taken as to one ground of the contention, but one conclusion could be reached as to the disposition of the appeal.

The deed, by the express terms of its granting clause, transfers all the grantor's property, of every character and description, except his homestead. It contains a *habendum* clause in the form that is usual in such instruments, immediately following which directions to the assignee are set out. The first direction is as follows : " That the assignee dispose of the property in the manner provided by law for the disposition of such trust property; that he pay me a sum which, in addition to my wearing apparel and those of my family and such other property as I may select at its appraised value, will make me, the said Thomas A. Coulter, the amount of $500, which I hereby claim and reserve as the amount allowed me by law as exempt from sale."

Reservation of exemptions in assignment.

The form, as well as the substance, of the above direction shows that it was not intended to curtail the grant or to exclude from the transfer such property as the assignee was entitled to claim under the exemption laws; but it leaves the scope of the granting clause unimpaired, and directs the assignee to pay to the assignor out of any money realized from the property assigned a sum equal to the amount of his authorized exemptions. Its effect upon the assignment therefore presents a question essentially different from that presented in the many cases cited, in which it was held that the title to the exempt property never passed from the assignor. The question in this case is one which has been seldom, if ever, presented or considered upon a similar state of fact in reported decisions. Mr. Burrill seems to think that an assignor may well except from the grant of his assignment his authorized exemptions, by terms of general description, but that if he includes them in the grant and

transfers title to the assignee, he cannot reserve to himself a benefit by way of compensation out of the assigned property. Burrill on Assignments, sec. 202. And this distinction is made under the general rule that an insolvent debtor can make no assignment of his property in trust for himself to the injury of his creditors. It is contended that the provision under consideration does not come within this rule, because it does no injury to creditors, taking from them nothing to which they were entitled. If the assignor had not assigned all his property, but had excepted from the grant personal property of the value of $500 and no more, the contention would carry much force. But while the debtor is entitled to hold, as against his ordinary creditors, personal property of the full present value of $500, they are equally entitled to subject to their claims all that he has, on the day of the assignment, in excess thereof. So a provision which only denied to the creditors satisfaction of their claims out of the authorized exemptions, would not injure them, but one which charged the residue with any burden for the benefit of the assignor would injure them. In this case the assignor transferred all his property—made up principally of merchandise and choses in action—to the assignee, whose duty it became to take charge of the property in possession and sell it at public auction upon thirty days' notice, and to reduce the choses in action to possession. The reservation provided that out of the proceeds the assignor should be paid, in preference to every one else, a sum equal to all the personalty he was authorized to claim. Does that imply a benefit to the injury of creditors?

That a forced sale of property at public auction would result in its partial sacrifice is so probable that it might well be anticipated as certain. If this be true, the assignor imposed upon his creditors the duty of making good to him out of the property legally subject to their claims the difference between the value of the exempt property at the date of the assignment and the price for which it should sell; that is, if the full amount of property which the assignor

might have claimed as exempt on the day of the assignment should sell for only four hundred dollars, the reservation provides that the further sum of one hundred dollars should be paid the assignor out of the property which he could not have claimed. In order to reduce the choses to possession, and to sell the property in possession, the assignee was authorized to employ necessary agents, custodians or attorneys, or to incur expense in litigation. As all the property passed to the assignee, such expense would be incurred with respect to the authorized exemptions, but the assignor bears no part of it, casting its entire burden upon the creditors. Moreover, the compensation of the assignee may be, and usually is, fixed according to the value of the property assigned; so, if the assignor assign his authorized exemptions, and reserve, by way of compensation therefor, the payment to him of their full value, he increases the commissions of the assignee and charges the payment of such increase upon the property to which the creditors are entitled. For example, the entire property, including exemptions, is worth one thousand dollars; if the exemptions had been excepted, the creditors would have received five hundred dollars, less the commissions and costs for administering that sum, but as the exemptions were included, the creditors receive five hundred dollars, less the commissions and costs for administering the entire property. Besides, while the assignor was entitled to hold, as against his creditors, personalty of the full value of five hundred dollars, he was not entitled to exact indemnity from the residue against loss, in respect of the exemptions, occasioned by its injury, waste, or declining value, pending its conversion into money. Such indemnity is secured by the terms of the clause set out. We think its necessary effect is to reserve an unlawful benefit to the assignor to the injury of his creditors, in that it secures to him the service of the assignee in keeping, caring for and selling the exempt property at the expense of property not exempt, and provides indemnity to him, out of property not exempt, against loss in respect

of the exempt property, occasioned by waste or injury to the property, declining markets, or sale for an inadequate price.

Affirm.