THOMAS H. ROBBINS, Appellant, *v.* WILLIAM W. BUTCHER, as Assignee, etc., Impleaded, etc., Respondent.

An assignment for the benefit of creditors contained a provision that, "should it be necessary and to the better performance of the trust," the assignee shall have power "to finish such work as is unfinished," paying the necessary charges and expenses before paying the debts and liabilities as provided for in the assignment. In an action to set aside the assignment as fraudulent, *held*, that no power to determine as to the necessity was vested in the assignee by the instrument: but that the

power conferred was conditioned upon a necessity to be determined by the court; that the assignee could not safely exercise it except under order of the court, and in case he attempted so to do might be restrained at any moment; and that, therefore, the provision did not vitiate the assignment.

*Dunham* v. *Waterman* (17 N. Y. 9), distinguished

(Argued February 8, 1887; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1885, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial.

This action was brought to set aside an assignment, for the benefit of creditors, made by defendant George W. Brown, to defendant William W. Butcher.

The complaint alleged the recovery of two judgments in favor of plaintiff against the assignor, the issuing of executions thereon and returns thereof unsatisfied, the execution of the assignment, a copy whereof was attached to the complaint, and which it was alleged was fraudulent and void on its face.

The motion to dismiss the complaint was made on the ground that it did not state facts sufficient to constitute a cause of action.

The provision of the assignment which plaintiff claimed vitiated it, is set forth in the opinion.

*Edgar J. Phillips* for appellant. The clause in the assignment, authorizing the assignee to finish unfinished work and to complete incompleted buildings, and for that purpose and to that extent to carry on the business of the assignor, and to pay all necessary charges and expenses for such completion before paying any debts, including this plaintiff's, renders the assignment void. (*Dunham* v. *Waterman*, 17 N. Y. 9, 18, 20.) The provisions in the assignment in the case at bar vested a discretionary power in the assignee, which rendered it void. (*Rapalyee* v. *Stewart*, 27 N. Y. 310, 316; *Leroy's Case*, 1 Abb. [N. C.] 177.) If the provision were valid the

court could not substitute its discretion in the place of that of the assignee. (*Nicholson* v. *Leavitt*, 6 N. Y., 510, 520.) The authority to finish work and to complete buildings renders the assignment void upon its face. ( *Watson* v. *Butcher*, 37 Hun, 392, 393.)

*William G. Cooke* for respondent. In construing an assignment for the benefit of creditors the courts will seek such construction as will uphold and not invalidate it, and ambiguous language in the instrument will not be read as conferring an unlawful power upon the assignee if capable of any other interpretation. (*Kellogg* v. *Slauson*, 11 N. Y. 302, 305; *Townsend* v. *Stearns*, 32 id. 215; *Benedict* v. *Huntington*, 32 id. 219; *Coyne* v. *Weaver*, 84 id. 386.) If necessary to the better performance of his duty the assignee will be bound to complete the buildings whether the assignment so provided or not; and if not necessary there is nothing in the instrument which authorizes him to do it. The provision is, therefore, merely a useless and harmless piling up of words. (*Townsend* v. *Stearns*, 32 N. Y. 217; *Van Dine* v. *Willett*, 38 Barb. 319; *Whitney* v. *Krows*, 11 id. 198; *Jessup* v. *Hulse*, 21 N. Y. 173.) The test of validity always is whether the instrument contains any provision, which, if carried out, will interfere with the court's supervision of the trust. (*Jessup* v. *Hulse*, 21 N. Y. 170; *Dunham* v. *Waterman*, 17 id. 9; *Smith* v. *Beattie*, 31 id. 545.) The provision in the power of attorney, contained in the assignment, authorizing the assignee to execute all mortgages and other necessary instruments, does not vitiate the whole deed. (*Darling* v. *Rogers*, 22 Wend. 483; *Van Nest* v. *Yoe*, 1 Sandf. Ch. 6; *Vorhees* v *Pres. Church*, 8 Barb. 150; *People* v. *Van Rensselaer*, 9 N. Y 339; *Curtis* v. *Leavitt*, 15 id. 124.)

FINCH, J It is to be expected that the unpreferred creditors of an assignor, regarding his transfer as an obstacle to the recovery of their debts, will often assail it either as fraudulent in law or in fact, sometimes justly and sometimes

upon quite narrow and technical grounds. In either event our duty is to both parties, not hesitating where fraud is proved or ought conclusively to be inferred, but preferring a construction where the choice is open, which indicates innocence rather than fraud. The question raised on this appeal is to some extent a question of such construction and arises solely upon the language of the instrument. It contains a provision thus expressed : " And it is further provided that should it be necessary and to the better performance of the trust that the party of the second part shall have full power and authority to finish such work as is unfinished, to complete such buildings as are incompleted, and to pay all necessary charges and expenses for such completion prior to the payment of all debts and liabilities hereinbefore mentioned and provided." The repetition of the word " that " permits it to be said that this provision is an unfinished sentence and confers no authority at all, but no such criticism is made, and the meaning of the language is more accurately expressed by disregarding the word " that " where it occurs the second time. Both parties have argued the case upon such construction. The appellant claims that the provision confers upon the assignee an authority derived from the assignor to unduly delay the execution of the trust and divert the trust funds, in the exercise of his discretion, and free from the supervision and control of the courts, and so is fraudulent and void upon its face. The respondent contends that the authority given is upon a condition which rests in the discretion and judgment of the courts, and if exercised by the assignee without their prior permission and approval, must be so exercised at his peril and subject to their prohibition or direction at any moment, and upon the application of any person interested or aggrieved, and so does not involve an intent to hinder, delay or defraud the creditors of the assignor. We think the latter view of the instrument discloses its true and intended meaning. Two cases in this court have drawn the line of distinction between the constructions which have been argued. In one of them (*Dunham* v. *Waterman*, 17 N. Y. 9), the

assignment gave authority to the assignees to pay such sums
"as they may find expedient" in completing unfinished
articles, as "in their judgment shall seem most advisable."
The assignment was held to be void. The whole point of the
decision was that the instrument conferred a discretion upon
the assignees which superseded the authority of the courts ; a
right to judge when and how long to delay, what and how
much to expend, with which equity could not interfere ; and
the question was asked, "if the courts uphold this condition
must they not execute it ?  Can they substitute *their* discre-
tion for that which the owner or the property has vested
in his assignees ? " The question was answered in the nega-
tive and the assignment fell with the answer. To the
argument that sometimes the completion of articles in different
stages of progress would be so manifestly wise that the courts
would permit it, the reply was made that in such case an error
" in the exercise of that legal discretion which is incident to
the trust' could be corrected by the courts, but not so "in
respect to a discretionary power expressly vested " in the
assignee by the assignment. The precise point of the adjudi-
cation is that where the mode and manner of carrying out the
one duty of the trust, to convert and distribute the assigned
assets, is placed in the discretion of the assignee and taken
away from the supervision of the courts, the assignment is void.
The instrument before us does not thus offend as we read
its terms. The authority given is not absolute but conditional,
and the condition preserves the full control and supervision of
the courts, and no inconsistent or superseding discretion is
conferred. The words are " should it *be* necessary and to the
better performance of the trust." Who is to judge of that
necessity or prudence ? The condition is not the judgment of
the assignee as to whether a fact exists or not, but the existence
of the fact itself. It must *be* necessary. It is not enough
that the assignee thinks so. Any one interested may challenge
the existence of the necessity or the prudence of the delay, and
when they do the court has a right to determine whether or
not the condition has arisen, and so decide whether the assignee

may or may not spend a dollar or wait a day, and he is vested with no discretion of his own which can prevent that intervention. And so the case differs at a vital point from the one cited. It comes rather within the doctrine of a later authority. (*Jessup* v. *Hulse*, 21 N. Y. 168, 170.) The note of that case confines the invalidity discussed to instances "where the trustee would derive an *independent* discretion by force of the deed, if valid, and not by operation of law." In that case the language was to sell, etc., "at such time or times and in such manner as shall be most conducive to the interests of the creditors, and convert the same into money as soon as may be consistent with the interests of such creditors." The court asked who was to judge as to when or how the sale would be most beneficial, and answered, not the assignee, for no power to determine was vested in him. It remained in the courts and their supervision and control was not superseded or destroyed. That is true as we read it of the instrument before us. It confers no discretion to complete unfinished articles. It gives simply the power to do so when necessity or a better performance of the trust as adjudged by the discretion of the court shall require. We are of the opinion that this assignee could not with safety spend money or employ time in completing unfinished articles except under the order of the court, and acting without that order acts at his peril, and may be restrained at any moment, since his sole authority is conditioned upon a necessity of which not he but the court is the sole and ultimate judge. This was the view which must have been taken by the General Term, and we give it our assent.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.