(February 28, 1921.)

## C. B. ROGERS, Appellant, v. BOISE ASSOCIATION OF CREDIT MEN, LTD., a Corporation, Respondent.

[196 Pac. 213.]

ASSIGNMENT FOR BENEFIT OF CREDITORS—INTENT TO PREFER OR DE-
FRAUD—CONTINUANCE OF BUSINESS—TIME OF SALE—CONSIDERA-
TION—RESIDUE TO ASSIGNOR.

1.  A voluntary assignment for benefit of creditors is valid.

2.  Intent to delay or defraud creditors is a question of fact. The mere fact that a transfer prefers certain creditors does not avoid it under C. S., sec. 5433.

3.  Provisions authorizing the assignee to continue the business, and delay sale of the assets, until they can be wisely and prudently reduced to money, do not invalidate such assignment.

4.  The payment of the debts and administration of the trust for that purpose is sufficient consideration.

5.  A provision for payment of the balance to the assignors after payment of all the debts does not invalidate the assignment.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action to set aside assignment for benefit of creditors. Judgment for defendant.   *Affirmed.*

R. E. Haynes and Thompson & Bicknell, for Appellant.

The trust deed is void because it shows on its face that it was a transfer of all property with the intent to delay this plaintiff and other creditors in the collection of their claims. (*California Cons. Min. Co. v. Manley,* 10 Ida. 786, 81 Pac. 50; *Potter v. McDowell,* 31 Mo. 62; *Belford v. Crane,* 16 N. J. Eq. 265, 84 Am. Dec. 155; *Cole v. Tyler,* 65 N. Y. 73; *Hunters v. Waite,* 3 Gratt. (Va.) 32; *Patten v. Casey,*

5.  Reservation of balance or surplus under assignment or transfer for payment of debts as rendering transaction void, see note in Ann. Cas. 1912D, 500.

57 Mo. 118; 2 Bigelow on Fraud, 376; *Thomson v. Crane,* 73 Fed. 327; *Schaible v. Ardner,* 98 Mich. 70, 56 N. W. 1105.)

If the conveyance hinders and delays creditors, it is fraudulent in law, irrespective of the motive of the grantor. (24 Am. Dig., Cent. ed., Fraudulent Conveyances, 30.)

The trust deed in question was void on its face because there was no sufficient consideration. (*Cal. Cons. Min. Co. v. Manley, supra.*) Said trust deed is void because it clearly shows that the parties thereto were attempting to place the property beyond the reach of creditors for a period of three years, for the purpose of giving the grantors an opportunity during that time to compromise and settle with their creditors. (*Gere v. Murray,* 6 Minn. 305; *May v. Walker,* 35 Minn. 196, 28 N. W. 252; *Rochester v. Sullivan,* 2 Ariz. 75, 11 Pac. 58; Burrill on Assignments, sec. 214; Bump, Fraud. Conv. 412; *Bennett v. Ellison,* 23 Minn. 242.)

This trust deed was void for the reason that it dictated to the creditors the terms upon which they should receive benefits under it. (*Banning v. Sibley,* 3 Minn. 389; *Truitt v. Caldwell,* 3 Minn. 364 (Gil. 257), 74 Am. Dec. 764.)

Givens & Barnes, for Respondent.

An insolvent debtor may prefer one creditor over another, and such transaction is not void. (24 Cent. Dig. 385, 392; *Victor v. Glover,* 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297; *Daniels v. Pac. Brewing & Malting Co.,* 86 Wash. 416, 150 Pac. 609; *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53; *In re Mann,* 32 Minn. 60, 19 N. W. 347; *Parkinson Bros. Co. v. Figel,* 24 Cal. App. 701, 142 Pac. 135; *Scholle v. Finnell,* 167 Cal. 90, 138 Pac. 746.)

The payment in part or in whole of a pre-existing debt is sufficient consideration to support a conveyance giving certain creditors a preference. (*Saunderson v. Broadwell,* 82 Cal. 132, 23 Pac. 36; *Wood v. Franks,* 67 Cal. 32, 7 Pac. 50; *Smith-McCord Dry Goods Co. v. John B. Farwell Co.,* 6 Okl. 318, 50 Pac. 149.)

An assignment to a trustee is as good as one made direct to the creditors. (20 Cyc. 582, note 99; *Heath v. Wilson,*

139 Cal. 366, 73 Pac. 182; *Butler v. Sanger,* 4 Tex. Civ. 411, 23 S. W. 487; *Crothers v. Busch,* 153 Mo. 606, 55 S. W. 149; *Mansur & Tibbetts Imp. Co. v. Ritchie,* 159 Mo. 213, 60 S. W. 87; *Pogue v. Rowe,* 236 Ill. 157, 86 N. E. 207; *In re Farrell,* 176 Fed. 505, 100 C. C. A. 63; *Torlina v. Trorlicht,* 6 N. M. 54, 27 Pac. 794, citing cases; *Ontario Bank v. Hurst,* 103 Fed. 231, 43 C. C. A. 193; *Geer v. Traders' Bank of Canada,* 132 Mich. 215, 93 N. W. 437; *Maloney & Co. v. Gonhue,* 152 Mich. 325, 116 N. W. 436; *Lucy v. Freeman,* 93 Minn. 274, 101 N. W. 167.)

Even though the business is continued, the provision does not make the assignment or transfer void or illegal. (*Rochester v. Sullivan,* 2 Ariz. 75, 11 Pac. 58; *Wells-Stone Merc. Co. v. Grover,* 7 N. D. 460, 75 N. W. 911, 41 L. R. A. 252; *Robbins v. Butcher,* 104 N. Y. 575, 11 N. E. 272; *Bagley v. Bowe,* 105 N. Y. 171, 59 Am. Rep. 488, 11 N. E. 386.)

The assignment in the case at bar defines and limits the discretion allowed the trustee sufficiently to bring it within the rule and authorize the court in sustaining the assignment. (*Dorr v. Schmidt,* 38 Fla. 354, 21 So. 279; *Moore v. Blum* (Tex. Civ.), 40 S. W. 511; *Parlin etc. Co. v. Hanson,* 21 Tex. Civ. 401, 53 S. W. 62; *Wilhoit v. Lyons,* 98 Cal. 409, 33 Pac. 325; *Silsby v. Strong,* 38 Or. 36, 62 Pac. 633.)

In the absence of collusion or fraud, an insolvent corporation is not prohibited from preferring certain creditors over others. (Bump, Fraudulent Conveyances, 2d ed., p. 187; *Currie v. Bowman,* 25 Or. 364, 35 Pac. 848; *Pettengill v. Blackman,* 30 Ida. 241, 164 Pac. 358; *Bates v. Papesh,* 30 Ida. 529, 166 Pac. 270.)

McCARTHY, J.—In December, 1914, C. H. Sargent and Mary H. Burnett, copartners under the firm name of the Fruitland Mercantile Company, or Sargent & Burnett, were in financial difficulty and unable to pay their debts. On December 28th they made an assignment for the benefit of all creditors to the respondent covering their property both copartnership and individual, real and personal. The assignment was recorded in the county in which the real estate is situated on January 13, 1915.

The following is a *résumé* of its provisions so far as they are called in question in this case.  The property conveyed is held in trust to reduce such property to money as soon as the' same can wisely, prudently and properly be done, using the said trustee's best judgment therein.  The trustee has the right to complete the manufacture of the stock and materials now on hand in process of manufacture, and procure, manufacture and use such stock and materials and employ such labor as shall in its opinion be necessary and proper for the economical and faithful administration of the trust herein . . . . or as it shall be requested by the beneficiaries. . . . . The trustee is to pay, satisfy and discharge from the proceeds thereof, after deducting all necessary costs . . . . and after paying all claims which are entitled to preference under existing laws, all other debts of the said copartnership and of the said copartners equitably and ratably.  The trustee is to pay any balance remaining to the said Sargent & Burnett, to be held and disposed of by them as if this conveyance had not been made.  If the said Sargent & Burnett make any arrangement within three years from date with their creditors, whereby they are released from all liability to them, or three-fourths of said creditors cease to be so interested, or otherwise consent that said property shall be conveyed to the said debtors, then the trustee shall reconvey the property *then in its hands*.  No person shall be entitled to payment under said assignment except such as are at the date thereof creditors of the firm or of one of the copartners, and shall within thirty days from such date notify the trustee in writing of the amount and character of the claim, and furnish a specification of the items if requested by the trustee.  The trustee shall distribute the moneys ratably among the creditors in discharge of their debts by such instalments and at such times as the trustee shall think satisfactory, and pay the surplus, if any, to the copartners.  It shall be lawful for the trustee to postpone the sale and collection of any part of the premises for such time as is consistent with reducing the same to money as soon as this can wisely and prudently be done.

The trustee may carry on the business which the copartners have heretofore carried on, and for that purpose make advances out of the premises subject to the trust and as it shall deem fit.

Sixty-four creditors with claims aggregating $29,054.06 consented to its terms and filed their claims with the assignee. The appellant had a claim against the copartnership, based on a note executed in 1913, which fell due in August, 1914, and was renewed for one year. On June 12, 1916, appellant obtained a judgment against the said copartnership in the district court for Canyon county in the sum of $5,955.90. Execution issued and was returned unsatisfied. Following the execution of the assignment, respondent went into possession of the real and personal property and proceeded to administer the trust. On September 15, 1916, appellant commenced this action. In this complaint he alleges that the copartnership is insolvent and has no property from which he can collect his judgment; that the assignment was without consideration and made with intent to delay and defraud him, and prays that the transfer be declared fraudulent and void, that his judgment be declared a lien on the property transferred and be satisfied by a sale thereof. Respondent in its answer denies any lack of consideration or any intent to delay or defraud appellant, and sets up that appellant has been guilty of laches. The trial court found that the assignment was supported by a sufficient consideration, that there was no intent to delay or defraud appellant, and that appellant had been guilty of laches; concluded that the assignment was valid and entered judgment for respondent. From this judgment an appeal is taken.

The assignment is a voluntary one for the benefit of creditors. Unless inhibited by statute, it is valid. (5 C. J. 1047, sec. 16, note 14.) The Idaho statute in regard to assignments by insolvents is inoperative, having been suspended by the federal bankruptcy act, and such an assignment is valid in this state. (*Capital Lumber Co. v. Saunders,* 26 Ida. 408, 143 Pac. 1178.)

We will take up the principal points urged by appellant in the order which seems to us most logical. He first contends that the deed shows on its face an intent to delay or defraud other creditors in violation of C. S., sec. 5433.

Even if the assignment had the effect of preferring certain creditors, it would not be invalid for that reason. A preference is valid in the absence of an actual intent to defraud. The existence of such intent is a question of fact. The mere fact that preference results is not proof of fraud. (*Wilson v. Baker Clothing Co.*, 25 Ida. 378, 137 Pac. 896, 50 L. R. A., N. S., 239; *Capital Lumber Co. v. Saunders, supra; Pettengill v. Blackman*, 30 Ida. 241, 164 Pac. 358; *Bates v. Papesh*, 30 Ida. 529, 166 Pac. 270.) The fact that the conveyance was made to a third party as assignee instead of directly to the interested creditors does not alter the situation. (*Health v. Wilson*, 139 Cal. 362, 73 Pac. 182; 20 Cyc. 582, note 99.) The burden was on appellant to establish an intent to defraud or prefer, and he did not sustain such burden. The finding of the trial court that there was no such intent is supported by the evidence. Furthermore, the instrument shows on its face that there was no intent to prefer any creditor. It was for the benefit of all. Its recording gave notice to appellant. His nonparticipation was from choice.

It is claimed that the assignment shows on its face an intent to delay or defraud creditors in that, first, it authorizes the trustee to continue the business indefinitely, and, second, it places the property beyond the reach of creditors for an unreasonable time, to wit, three years.

"The cases where, in an assignment in trust for the benefit of creditors, a trustee may legally be authorized to continue the business of the assignor, are those in which the carrying on of the business is merely ancillary to the winding up of the debtor's affairs and with a view of more effectually promoting the interests of the creditors. Where the authority is given chiefly for the benefit of the debtor, or where it is intended to hinder and delay creditors for an

unreasonable period in the collection of their debts, it renders the deed fraudulent and void.

"The diligence of a provident man is the measure of a trustee's duty, and a provision in a deed of assignment which exempts the trustee from that degree of liability, or in any way restricts it to a less degree than that which the law imposes upon trustees, renders the assignment void." (*De-Wolf v. Sprague Mfg. Co.,* 49 Conn. 282.)

Provisions giving an assignee the power to continue the business are not objectionable if consistent with an honest intent to make the property bring as much as possible for the benefit of creditors. (*Moore v. Blum* (Tex. Civ.), 40 S. W. 511.) The right to replenish the stock does not invalidate an assignment if it is intended for the benefit of the creditors and not for the benefit of the debtor. "A grant of powers to a trustee which if exercised honestly and with good judgment must often prove a boon to both creditors and debtor, is neither fraudulent *per se* nor does it raise a presumption which shifts the onus of sustaining the deed on the maker." (*Stoneburner v. Jeffreys,* 116 N. C. 78, 21 S. E. 29.) Some measure of discretion must be vested in the first instance in the trustee. (*Woodward v. Marshall* (Mass.), 22 Pick. 468.) If absolute discretion is vested in the trustee, this avoids the assignment, but this is not true if the discretion is subject to the control of the creditors or the courts. (*Dorr v. Schmit,* 38 Fla. 354, 21 So. 279; *Robbins v. Butcher,* 104 N. Y. 575, 11 N. E. 272.) If the assignment vests discretion in the assignee, it must be understood as meaning legal discretion and not an absolute one. (*Cribben v. Ellis,* 69 Wis. 337, 34 N. W. 154.) It is only when the provisions giving authority to the assignee clearly exclude the idea of control by the courts upon application of the interested creditors that an assignment is to be held invalid. Otherwise, it is considered that there was no intention to exclude such control and the assignment is good. (Bigelow on Fraudulent Conveyances, p. 348.) The provisions of the assignment must be read and considered together. They do not authorize the assignee to continue the business indefi-

nitely, but only in so far as may be reasonably necessary to reduce the property to money as soon as the same can wisely, prudently and properly be done. It clearly appears that the discretion lodged in the trustee is not an absolute one, but is subject to the control of the beneficiaries and of the courts.

The assignment does not place the property beyond the reach of creditors for three years. It provides for a sale as soon as may be wise, prudent and proper. The three-year provision is to the effect that if the debtors make settlement with their creditors within three years, the trustee shall reconvey the property then in its hands. This does not in any sense bind the trustee or the creditors to wait three years for a sale if the same can wisely, prudently and properly be made before that time. It was impossible to determine in advance how long might be reasonably required to make proper disposition of the property, including a stock of merchandise, book accounts, fixtures, livestock, an orchard and other real estate. There is no evidence that it was unreasonably delayed, or that the trust was improperly administered in any other way. If the assignment provides for a delay in the sale, further than such as may be reasonably necessary to apply the property to the payment of the debts, it is void, because such a provision is more for the benefit of the debtor than for the creditors. (*Bennett v. Ellison,* 23 Minn. 242.) If the assignment permits such delay as may be reasonably necessary to carry out its legitimate purposes, it is valid. (*Rochester v. Sullivan,* 2 Ariz. 75, 11 Pac. 58.) The assignment in question does not provide for any unreasonable delay, but only for such as may be reasonably necessary to carry out its purposes. It is not subject to objection on that account.

Next, appellant claims that the assignment is void on its face for lack of consideration. The payment of the debts due the creditors and the administration of the property by the trustee for that purpose are sufficient consideration. (*Saunderson v. Broadwell,* 82 Cal. 132, 23 Pac. 36; *Butler v. Sanger,* 4 Tex. Civ. App. 411, 23 S. W. 487.)

Appellant next contends that the assignment is void on its face because it dictates to creditors the terms upon which they shall receive benefits. A provision which is primarily for the benefit of the debtor and not reasonably necessary for the administration of the trust will avoid an assignment. On the other hand, provisions which are reasonably necessary in order to apply the property to the payment of the debts and effectually administer the trust do not invalidate the assignment. Any provisions of this assignment which dictate terms to creditors are such as are reasonably necesary in order to carry out its legitimate purposes.

Finally, appellant contends that the assignment is void on its face because it provides that the property remaining after payment of debts shall revert to the assignors. Such is the holding in *Truitt v. Caldwell,* 3 Minn. 364 (Gil. 257), 74 Am. Dec. 764. In that case an assignment was for the benefit of one creditor. In this case it is for the benefit of all. The sounder rule has been laid down by the court of appeals of Texas to the effect that the reservation of a right on the part of the assignor to the residue remaining after payment of the debts does not invalidate the assignment when such reservation gives him only such rights as he would have under the law. (*Parlin & Orendorff Co. v. Hanson,* 21 Tex. Civ. App. 401, 53 S. W. 62.) Such is the case here, the provision being that the assignors shall be entitled to the residue only after payment of the debts. All the creditors are entitled to participate if they choose. The delivery of the residue to the assignors after payment of the debts does not invalidate the assignment.

It was suggested by appellant's counsel on the oral argument, although not in the brief, that, even if the assignment is valid, the court should have decreed the appellant a lien on the property covered by the assignment subject to the administration of the trust. This question was not raised by the pleadings, nor on the trial below. There is nothing in the record to show that there will be a surplus. The question would therefore seem to be beside the issues and entirely

academic. If a surplus is returned to the assignors, the appellant will at that time have his remedy.

We conclude that the assignment for the benefit of creditors is valid. Other points mentioned in the briefs or on the oral argument, not expressly treated above, have been considered by the court and are not regarded as well taken.

The judgment is affirmed. Costs awarded to respondent.

Budge, Dunn and Lee, JJ., concur.

Rice, C. J., disqualified.