invalid action in administration. Smith v. Cahoon, 283 U.S. 553, 562, 51 S.Ct. 582, 75 L.Ed. 1264; Continental Baking Co. v. Woodring, 286 U.S. 352, 369, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402; Lehon v. City of Atlanta, 242 U.S. 53, 56, 37 S.Ct. 70, 61 L.Ed. 145; Dalton Machine Co. v. Va., 236 U.S. 699, 701, 35 S.Ct. 480, 59 L. Ed. 797; Gundling v. Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725. The plaintiff has neglected to make application for a permit covering its operations in which the arrests of its drivers occurred since 1931, when the statute became effective. Until it does so, it is not in a position to invoke the injunctive powers of this Court to restrain the enforcement of the State laws. "The long-settled rule of judicial administration [is] that no one is entitled to judicial relief * * * until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Corp., 303 U.S. 41, 50, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638. And, where the defect in the bill is incapable of remedy by amendment, its dismissal must be ordered. Myers v. Bethlehem Corp., supra, 303 U.S. at page 53, 58 S.Ct. at page 465, 82 L.Ed. 638.

The order will be that the bill be dismissed for want of jurisdiction because of the absence of a substantial federal question. See California Water Service Co. v. Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Norumbega Co. v. Bennett, 290 U.S. 598, 54 S.Ct. 207, 78 L.Ed. 526, same case, D.C., 3 F.Supp. 500, 502.

## In re ENG.
### No. 61557.

District Court, D. Massachusetts.
Nov. 1, 1939.

Charles W. Bartlett, of Boston, Mass., for Newton Trust Co.

Arthur T. Wasserman, of Boston, Mass., trustee in bankruptcy.

McLELLAN, District Judge.

The trustee in bankruptcy seeks a review of an order by the referee in bankruptcy permitting the Newton Trust Company to take possession of certain property covered by a mortgage and foreclose the mortgage. The record by which I am bound consists of the referee's original certificate and a copy of an assignment for the benefit of creditors which copy pursuant to my request the referee transmitted to this Court.

The referee's original certificate recites in substance and I find as follows:

The order, the review whereof is sought, was entered July 13, 1939. The petition for review was filed July 22, 1939. The error alleged by the trustee is that an assignment executed by the bankrupt before bankruptcy was "fraudulent and void," that the assignee who executed the mortgage and the note secured thereby to the Newton Trust Company was without authority to do it, and that accordingly the Trust Company "acquired no rights thereby."

The referee's certificate proceeds with a "summary of the evidence on which such order was based" and a statement of "the question presented on this review" as follows:

"On January 4, 1937 Nils S. Eng made an assignment for the benefit of his creditors to Philip C. Scott. On August 12, 1937 the said Scott, as assignee, mortgaged certain real estate to the Newton Trust Company. On January 7, 1938 the said Eng filed a voluntary petition in bankruptcy, was adjudicated and the said Wasserman appointed trustee by the creditors. The business of the said Eng had been that of constructing residential properties for sale. One of the houses turned over to the assignee at the time of the assignment was incomplete. A provision for carrying on the assignor's business was inserted in the assignment to permit finishing this house. There was no evidence that the purpose of this insertion was to keep the assignor in business."

"The question presented on this review is:

"Was the assignment to Scott as assignee for the benefit of creditors, fraudulent as a matter of law inasmuch as it provided for the carrying on of the assignor's business?"

The assignment for the benefit of creditors purported to convey all the assignor's property not exempt from attachment, a more particular description of which is stated to be in substance seven parcels of land in Needham, Massachusetts. After this description and as a portion of the printed form appears the following: "Together with all the deeds, books of account, written instruments, evidences of title and papers relating to the business, dealings and property of the party of the first part."

Then come the ensuing typewritten provisions:

"To Have and to Hold all said real and personal estate and property and certain parcels of real estate situate in Brookline and Wellesley, County of Norfolk, and in Newton, County of Middlesex, which have this day been conveyed by F. Norman Eng to said party of the second part as assignee hereunder at the request of said party of the first part, to said party of the second part his heirs, administrators and assigns in Trust, Nevertheless, for the following uses and purposes, viz:

"1st. To convert all said property, except said deeds, books of account, written instruments, evidences of title and papers, into cash as soon as in the judgment of said party of the second part it can be done conveniently and to the best advantage; and for that purpose to sell said property or any part thereof at public auction or private sale to such person or persons and on such terms and credit as said party of the second part shall deem best, and to convey the property so sold to the purchaser or purchasers, who shall thereby acquire a good title to the property so sold, free and discharged of and from all trusts. And any such purchaser or purchasers shall not be answerable for the application of the purchase money. And for the purpose of converting said property into cash said party of the second part may continue and carry on the business of the party of the first part, for a period of time not exceeding twelve (12) months from the date of this assignment, and for any further time which the parties of the third part may in writing assent to."

The instrument after providing for a ratable distribution among creditors of the proceeds of the trust property not exceeding the amounts of their claims, authorizes the assignee "to discharge any liens, incumbrances or mortgages on said trust property, or any part thereof, if he deems it wise and expedient so to do, and to borrow money either upon unsecured obligations or upon obligations secured by mort-

gage with power of sale of real estate included in said trust property for the purpose of maintaining, repairing or remodelling any buildings on any of said trust property."

The last provision in the assignment to which it seems necessary to advert is that which provides that for the purpose of carrying out his trust, the assignee may do all things proper and necessary for that purpose and particularly may "maintain, repair and remodel any buildings on any of said trust property."

The question presented for determination upon the record without traveling outside of it into the realm of disputed facts not contained in or inferable from the referee's original certificate and his supplementary certificate transmitting a copy of the assignment (see In re Stokes, D.C., 185 F. 994) is whether under Massachusetts law the mortgage is valid. This depends as the parties concede upon the validity of the assignment.

The assignment for the benefit of creditors was attacked at the hearing before the referee because it provided for the carrying on of the assignor's business by the assignee. That the referee so understood it is apparent from his certificate, which as heretofore stated, says: "The question presented on this review is: was the assignment to Scott as assignee for the benefit of creditors, fraudulent as a matter of law inasmuch as it provided for the carrying on of the assignor's business?" Whether the trustee must be deemed to have waived objections to the assignment which were not presented need not be here decided. See In re Rome, D.C., 162 F. 971, 972, where the Court said: "This point, however, was not pressed before the referee, and therefore must now be considered as having been waived." See also In re Boston Dry Goods Company, 1 Cir., 125 F. 226.

The trustee now urges that the assignment is unlawful not only because of the provision for carrying on the business but because it authorizes "the assignee to borrow money for the purpose of 'maintaining, repairing and remodelling' the assigned property by mortgaging the same to secure the loan." The assignment is also attacked because without explicitly setting a time limit it simply directs the assignee to convert the assets of the estate "into cash as soon as in the judgment of the said party of the second part it can be done con-veniently and to the best advantage." While under the decisions of the Supreme Judicial Court of Massachusetts the validity of the assignment and so of the mortgage seems to me doubtful I think the facts disclosed by the referee's certificates require an affirmance of his order.

F. H. Roberts Company v. Hopkins, Inc., 1937, Mass., 6 N.E.2d 837, 838, differs materially from the case at bar. There the assignment provided for the continuance of the business for a period of *five* years, that is to say, three years absolutely and two years with the consent of a *majority* of creditors. Here the assignment authorized the conduct of the business for *one* year and for any further period that all assenting creditors may authorize in writing. There one of the main purposes of the assignment was the conduct of the restaurant business while here the conduct of the business was incidental to liquidation, that is, in the words of the assignment "for the purpose of converting said property into cash. "In the Roberts case liquidation was to follow cessation of business, while here conversion into cash might begin at once. The Roberts case, citing Woodward v. Marshall, 22 Pick. 468, indicates clearly enough that "an assignor may provide for temporary continuance of a business as a part of the process of gradual and orderly liquidation," but neither this nor any other Massachusetts case delimits the extent to which this may be done.

In the light of the instrument itself and the circumstances appearing in the referee's certificate the assignment is not invalid under Massachusetts law because of its provision as to the conduct of the business. For a discussion showing, I think, that elsewhere such a provision does not render the instrument unlawful, see note following Rodgers v. Boise Association of Credit Men, 33 Idaho 513, 196 P. 213, 23 A.L.R. 195, 199.

A word may be added as to the power to mortgage. This problem has not, I think, received consideration by the Supreme Judicial Court of Massachusetts. In New York, such a provision though apparently it does not vitiate the assignment is invalid. See Darling v. Rogers, 22 Wend. 483. In several jurisdictions an assignment otherwise valid is not rendered unlawful by the insertion of a power to mortgage and the power itself is valid.

I think that the provisions heretofore referred to as to the conduct of the busi-

ness, the borrowing on mortgage, the remodeling of properties and the time for liquidation are ancillary to the main purpose of winding up the assignor's affairs and promoting the interest of creditors. See Lowenstein & Bros. v. Love, 16 Lea, Tenn., 658. In short the instrument viewed as a whole and the circumstances shown in the referee's certificates indicate that the assignment was intended primarily and principally for the benefit of creditors and not primarily or principally for the assignor's benefit. Three creditors with claims aggregating five hundred dollars thinking otherwise could avoid the effect of the assignment, itself an act of bankruptcy, if the assignor was then insolvent, by a timely resort to the bankruptcy court. See Randolph v. Scruggs, 190 U.S. 533, 23 S. Ct. 710, 47 L.Ed. 1165; May v. Henderson, 268 U.S. 111, 115, 45 S.Ct. 456, 69 L.Ed. 870.

Upon the whole record and the foregoing inferences of fact drawn from it, I conclude that the order of the referee upholding the mortgage, authorizing the Newton Trust Company to take possession of the property covered by it and permitting its foreclosure, should be and it is affirmed.